**Sheila R. BRINES, a Minor Child, By and Through her Next Friend and Conservator, Roxana K. HARLAN, Appellant,**

v.

**Gerhard W. CIBIS, M.D., King Y. Lee, M.D., Children's Mercy Hospital, Elwyn S. Brown, M.D., Dorothy Berry, C.R. N.A., and Peter H. Mestad, M.D., Respondents.**

**No. WD 41567.**

Missouri Court of Appeals, Western District.

Dec. 12, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 30, 1990.

Application to Transfer Denied March 13, 1990.

**202** 

Gary C. Robb and Anita Porte Robb, Robb & Robb, Kansas City, for appellant.

Thomas W. Wagstaff, Timothy M. Aylward, Blackwell Sanders Matheny Weary & Lombardi, Kansas City, for Children's Mercy, Brown and Berry.

P. John Brady and Mark A. Lynch, Thomas A. Sheehan, Shughart, Thomson & Kilroy, P.C., Kansas City, for Cibis and Lee.

Thomas B. Alleman and Gabrielle Rhodes, Niewald, Waldeck, Norris & Brown, Kansas City, for Mestad.

Before MANFORD, P.J., and SHANGLER and CLARK, JJ.

CLARK, Judge.

This appeal arises from a medical negligence action brought on behalf of the minor, Sheila Brines, by her mother, Roxana Harlan. A jury returned a verdict in favor of all defendants and this appeal followed.

The facts of the case are only marginally applicable to the dispositive point on appeal. They will be summarized to provide the setting for discussion of the claim of error.

Sheila was born deaf and with congenital glaucoma of both eyes. While Sheila was still an infant, surgery was unsuccessfully attempted to remedy the glaucoma. The result was a loss of sight in her right eye. Some vision in the left eye was retained. In 1984, increased intraocular pressure was detected in Sheila's left eye and defendant Cibis performed surgery to relieve the pressure. Post-operatively, Sheila developed an infection in the eye which defendants Cibis and Lee elected to treat with antibiotics in preference to further surgery. The antibiotics eliminated the source of infection but not before Sheila's remaining vision was destroyed.

Allegations against Cibis and Lee were that the 1984 surgery was unnecessary and that the subsequent eye infection was not timely diagnosed or properly treated. Claims against the hospital, where the treatment was rendered, and against Doctors Brown and Mestad and nurse anesthetist Berry, were 'based on inadequate preoperative assessment which failed to detect an existing upper respiratory infection present when the surgery was performed.

The dispositive issue on appeal is the contention that the trial court erred when it failed to sustain plaintiff's challenge for cause directed toward venireperson Ramos who, at the time of trial, was employed by defendant Children's Mercy Hospital. Failure to excuse Ramos constituted reversible error and entitles plaintiff to a new trial.

The controlling authority on the point is *Murphy v. Cole*, 338 Mo. 13, 88 S.W.2d 1023 (1935). In *Murphy*, the defendant owner and operator of a truck which collided with the vehicle in which plaintiff's decedent was a passenger had liability insur-

ance with St. Paul Mercury Indemnity Co. Voir dire of the jury panel called to hear plaintiff's damage suit against the defendant truck driver disclosed that venireperson Steininger was a local agent for St. Paul. Plaintiff challenged Steininger for cause although it appeared Steininger did not write the defendant's policy, knew nothing about the case or the plaintiff and expressed his views to be unbiased. The court overruled the challenge. The jury returned a verdict for plaintiff but in an amount deemed by plaintiff to be inadequate and plaintiff appealed. The court reversed the judgment and remanded the case for a new trial.

In its opinion, the supreme court noted that the statute, which enumerates the grounds upon which a venireperson may be challenged for cause in a civil case (then § 8771, RSMo 1929; now § 494.190, RSMo 1986) does not provide for disqualification of an agent of one of the parties as a juror. The court went on to comment, however, that the statute is not all inclusive as respects challenges for cause and measures for jury selection must accommodate the requirement that the parties to the case are entitled to a full panel of qualified persons. If, for any reason, a prospective juror is not in a position to enter upon the duties of a juror with an open mind, free from bias or prejudice in favor of or against either party, and to decide the case on the evidence and the law, he is not a competent juror. The court expressly held that an agent or employee of one of the parties cannot meet the qualifications of a competent juror and the judgment was reversed for this reason.

The following observation by the *Murphy* court is instructive as explaining the sense of the holding:

A juror in the employ of one of the parties to a cause might honestly believe he had no bias or prejudice one way or the other, yet it is a matter of common knowledge that the frailties of human nature would cause him, perhaps unconsciously, to view the cause through the spectacles of his employer.

*Murphy*, 88 S.W.2d at 1024.

Under the reasoning of *Murphy*, an employee of a party to the case must be excused upon a challenge for cause and he may not sit as a juror regardless of whether voir dire examination discloses any indication of partiality or bias. This court, of course, is bound to follow the last controlling opinion of the supreme court on the issue presented. *Gunter v. State*, 754 S.W.2d 594, 596 (Mo.App.1988).

■ *Murphy* has been cited in a number of cases since it was decided and it has never been overruled. Most, if not all, of the citations to *Murphy* distinguish the case under discussion from *Murphy* on the ground that the challenge was to a venireperson not situated in an employee-employer relation. For example, in *Johnson v. Missouri–Kansas–Texas R.R.*, 374 S.W.2d 1, 3 (Mo.1963), the challenged venireperson had formerly been represented by one of plaintiff's attorneys who was also handling the estate of the venireperson's mother. In the county of trial, no statutory ground for challenge based on attorney-client relation prevailed. The court held the trial court had discretion to overrule the challenge noting that this was not the "commanding instance" of the employer-employee relationship, citing *Murphy*. *See also* the similarly worded comments in *Kendall v. Prudential Ins. Co. of America*, 327 S.W.2d 174, 176–77 (Mo. banc 1959), and *Strahl v. Turner*, 310 S.W.2d 833, 841 (Mo. 1958).

The more recent case of *Collins v. West Plains Memorial Hospital*, 735 S.W.2d 404 (Mo.App.1987), involved the challenge for cause of a venireperson who was in the employ of a manufacturer which did business with the defendant hospital. Citing *Murphy*, plaintiffs contended the venireperson was disqualified from serving as a juror. The opinion distinguished *Murphy* holding that the per se disqualification rule applied only where the venireperson was an agent or employee of one of the actual parties in the case.

The cases cited above, decided since *Murphy*, tacitly recognize the continuing viability of the *Murphy* decision when, in situations of relationships other than employee-

employer, the courts deem it necessary to distinguish the case under review from *Murphy*. Moreover, the holding in *Murphy* is in conformity with the general rule as stated in 50 C.J.S. *Juries* § 221(2) (1947), that one in the employ of a party or person directly interested in the suit is incompetent to act as a juror. The conclusion follows here that the judgment must be reversed as dictated by the precedent of *Murphy*.

Respondents present several arguments to the effect that *Murphy* should not be followed. They first say that the holding in *Murphy* is undermined because a case which *Murphy* cites, *Crawford v. United States*, 212 U.S. 183, 29 S.Ct. 260, 53 L.Ed. 465 (1909), is no longer the law. *Crawford* held that an employee of the government could not serve as a juror in a case where the government was a party. The decision was later undercut by an act of Congress which removed the statutory disqualification of federal employees. Since *United States v. Wood*, 299 U.S. 123, 57 S.Ct. 177, 81 L.Ed. 78 (1936), a juror is not ineligible to serve in the federal court merely by reason of his government employment.

The fact that *Crawford* is no longer the law controlling jury selection in the federal courts does not serve to overrule the precedent of *Murphy*. This follows because the decision in *Murphy* was based on Missouri law and policy considerations, not on federal practice. *Crawford* was cited only as additional support for the decision. Moreover, *Crawford* only became inapplicable in federal cases because the Congress acted to substitute statute law for the common law in the trial of criminal cases in the District of Columbia. The Missouri General Assembly has adopted no similar enactment which would affect the rule in *Murphy*.

■ Respondents also contend that even if the trial court erred in failing to excuse juror Ramos, appellant is entitled to no relief because no actual prejudice has been shown. The argument is not tenable. Parties to a civil case are always entitled to a decision based on the honest deliberations of twelve qualified jurors. The presence of even one unqualified juror entitles the complaining party to a new trial. *Wiedower v. ACF Industries, Inc.*, 715 S.W.2d 303, 308 (Mo.App.1986).

■ Finally, respondents other than Children's Mercy Hospital contend that if a new trial is to be ordered, it should be only as to the hospital because the unqualified juror bore a taint only as to her employer, the hospital. We reject that contention. The hospital was the situs of virtually all events associated with the case, Dr. Mestad, Dr. Brown and nurse Berry were hospital employees and Drs. Cibis and Lee had staff privileges at the hospital. The doctors' work on Sheila giving rise to the complaint was done with the aid and assistance of hospital employees who were fellow-employees of juror Ramos.

Where the issues and parties are inextricably intertwined, it is essential to include all parties in the new trial to avoid unfairness and disadvantage to any litigant. *Oventrop v. Bi–State Dev. Agency*, 521 S.W.2d 488, 493 (Mo.App.1975); *See Sadlon v. Richardson*, 382 S.W.2d 9, 12 (Mo.App.1964). In this case, the interconnection of the individual respondents and the hospital and the associated relationships with the alleged medical negligence are such that a new trial must be ordered as to all respondents.

Appellant has raised two additional claims of error, the limitation placed by the court on voir dire by plaintiff's counsel and the use of a videotaped deposition by defendants of an expert medical witness. These problems may or may not recur in a new trial and will therefore not be considered. The extensive briefing by the parties on the subjects will be of aid to the trial court in reaching a proper disposition if the subjects arise.

The judgment is reversed and the cause is remanded for a new trial.

All concur.