PETRY ROOFING SUPPLY,
INC., Respondent,

v.

Harold SUTTON, d/b/a
S & S Roofing, Appellant.

No. 60240.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 22, 1992.

Jack C. Harper, St. Louis, for appellant.

Newman, Goldfarb, Freyman & Stevens, P.C., John E. Toma, Jr., St. Louis, for respondent.

PUDLOWSKI, Judge.

Appellant, Harold Sutton, appeals a judgment by the Franklin County Circuit Court finding him liable on a debt to plaintiff, Petry Roofing Supply, Inc. (Petry). Appellant alleges five points of error. First, appellant claims that the trial court erred in not dismissing the instant case because a prior suit by Petry against appellant's wife was dismissed for failure to prosecute in the Circuit Court of Crawford County. Next, appellant suggests that it was error for the trial court not to dismiss the entire jury panel for cause after a number of them agreed during *voir dire* to the proposition that a husband is morally obligated to pay the debts of his wife. Appellant challenges the denial of his motion for a directed verdict and a judgment notwithstanding the verdict. Additionally, appellant raises several questions about the jury instructions as they were submitted to the jury. Finally, appellant argues that the trial court demeaned appellant's counsel in the eyes of the jury which prejudiced appellant's case. We affirm.

Appellant was a roofer by trade until an accident on the job left him unable to continue in his profession. He was awarded workers' compensation. In an effort to alleviate tight family finances, appellant and his wife, Connie Sue Sutton, borrowed money from the Meramec State Bank to start up a roofing business titled S & S Roofing (S & S).

In the years 1984, 1985 and 1986, the couple took out five loans from the Meramec State Bank for the purpose of starting and maintaining their new roofing business. The first loan for $35,500 was secured by a deed of trust on the Sutton's jointly owned home. There was a total of five loans—evidenced by five promissory notes—taken out on behalf of S & S. Three promissory notes were signed by both appellant and Connie Sue Sutton.

One note was signed by Connie Sue individually. One note was signed by appellant only.

As the business progressed, S & S Roofing began to purchase roofing supplies from Petry with cash. The relationship developed, and Petry opened an account on behalf of S & S. For a time S & S sent checks in satisfaction of the account debt. Appellant always dealt personally with Petry, but the checks for payment of the open account were signed by his wife, Connie Sue.

At some point in 1986, Petry stopped receiving checks from S & S. On June 23, 1986, Petry filed a lawsuit in Crawford County naming Connie Sue Sutton, d/b/a S & S Roofing to recover the uncollected amount of $14,277.50. In February, 1987, Connie Sue Sutton filed for bankruptcy in the United States Bankruptcy Court for the Eastern District of Missouri naming Petry as one of her creditors. On April 20, 1988, the Crawford County Circuit Court sent a "Notice of Dismissal" for failure to prosecute to Petry. The notice was issued pursuant to a local rule of court and stated that the dismissal was without prejudice. The notice indicated that a copy was sent to appellant's counsel.

On April 11, 1989, Petry filed the instant lawsuit in the Circuit Court of Franklin County naming as defendant, appellant, d/b/a S & S Roofing. The principal question at trial was whether appellant was part owner of the business and could be held liable on the unpaid debt. The jury found that appellant did in fact owe the debt and entered an award of $14,277.50 plus interest at 9% per annum against appellant. Appellant's motions for a new trial and judgment notwithstanding the verdict were denied.

Additional facts will be developed as necessary.

■ For his first point on appeal, appellant contends that the trial court erred in failing to grant his pretrial motion to dismiss the instant lawsuit for failure to prosecute the original action on the debt filed in Crawford County. In support of his claim, appellant cites Rule 67.03 which states, in pertinent part:

[A]ny involuntary dismissal ... shall be with prejudice unless the court in its order for dismissal shall otherwise specify.

Supreme Court Rule 67.03. Appellant contends that a June 8, 1988 minute entry by the Crawford County Circuit Court constitutes the order to dismiss. The entry makes no mention that the dismissal was without prejudice. We believe a fair reading of the order to dismiss by the Crawford County Circuit Court must include the "Notice of Dismissal" sent to the parties. The notice stated:

All Civil cases pending in the Circuit Court in which no activity has been noted by the docket sheet for one year or more are subject to dismissal for want of prosecution. The Clerk shall notify last known counsel of record that any such case is subject to such court action at least thirty (30) days prior to the Court's taking action.... This dismissal shall be *without prejudice* but shall be reinstated only upon a written motion showing good cause....

(Emphasis added). This document clearly indicated that the dismissal was without prejudice pursuant to a local rule of the 42nd Judicial Circuit.

Appellant argues that this court cannot judicially notice for the first time on appeal a local rule of another circuit court not proved in the trial court. The notice of dismissal sent to the parties from the Crawford County Circuit Court purportedly quoted this local rule. Judicial notice of the local rule is unnecessary for a determination of whether the dismissal was without prejudice. The notice of dismissal sent to the parties unequivocally stated that the dismissal was without prejudice. Rule 67.03 allows this result, and appellant's point is without merit.

■ For his second point appellant argues that the trial court erred in not discharging the jury panel "which had demonstrated its bias or prejudice against appellant during *voir dire*." Specifically, he contends that the panel was tainted due to the belief of some of the veniremen that a

husband is morally obligated to pay his wife's bills. Appellant requests a new trial based on the court's failure to discharge the jury panel. "Parties to a civil case are always entitled to a decision based on the honest deliberations of twelve qualified jurors." *Brines By and Through Harlan v. Cibis,* 784 S.W.2d 201, 204 (Mo.App.1989). When even one unqualified juror is seated, the complaining party is entitled to a new trial. *Id.* Because of the trial judge's superior position in evaluating the fitness of potential jurors, the trial court is granted wide discretion in ruling on a new trial motion challenging the qualifications of jurors. *Swift v. Bagby,* 559 S.W.2d 635, 637 (Mo.App.1977); *See also Green v. Lutheran Charities Ass'n,* 746 S.W.2d 154, 157 (Mo.App.1988) (addressing trial court's role in assessing juror misconduct).

■ The principal issue in the instant case was whether appellant would be required to pay a debt from which his wife had been discharged in bankruptcy. Appellant's counsel explored the issue at length during *voir dire.* One venireman, Mr. Willis, stated that he thought a husband was legally obligated to pay his wife's bills. He was not seated. Several other prospective jurors held the view that a husband was morally obligated to pay his wife's bills. The trial judge asked the veniremen whether they could follow the jury instructions despite their beliefs. Two jurors stated that they could not follow an instruction that ran counter to their moral convictions. They were excused. The rest of the prospective jurors stated that they could follow the court's instructions. The trial judge cured any problem that may have existed with the jurors. He did not abuse his discretion by refusing to strike the panel. Point denied.

For his third point appellant challenges the denial of his directed verdict and judgment notwithstanding the verdict motions. He argues that insufficient evidence was adduced at trial to create a question for the jury that appellant was liable for the debt owed to Petry. Appellant also argues that Petry did not satisfy its "burden" that it was the real party in interest.

■ In reviewing a trial court's denial of a j.n.o.v. motion, we consider the evidence in the light most favorable to the party who prevailed on the verdict. *Burnett v. Griffith,* 769 S.W.2d 780, 783 (Mo. banc 1989). The prevailing party is given the benefit of all favorable inferences reasonably drawn from the evidence. *Midwest Materials v. Village Development,* 806 S.W.2d 477, 489 (Mo.App.1991). There was ample evidence produced at trial that appellant participated in the ownership of S & S Roofing. He signed four promissory notes to finance the start up and maintenance of the business. He and his wife pledged their family home as security for the first loan by executing a deed of trust to the Meramec State Bank. Appellant dealt with Petry personally when he purchased materials for the roofing business. He and his wife lived out of the funds of a joint checking account titled "S & S Roofing." There was testimony to the effect that appellant directed workers on their daily assignments without the participation of his wife in the decision making process. There is substantial evidence supporting the jury verdict that appellant had an ownership interest in S & S. Point denied.

■ Appellant next urges that Petry was not the real party in interest and as such, did not have the capacity to sue on the debt. Rule 55.13 states, in part:

When a person desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by *specific negative averment,* which shall include such supporting particulars as are peculiarly within the pleader's knowledge....

(Emphasis added) Rule 55.13. In his answer, filed January 15, 1990, appellant stated that he did not have "sufficient knowledge, information, or belief to either admit or deny [plaintiff's corporate existence] and therefore places plaintiff on strict proof thereof." A claim that a corporation lacks the capacity to sue must be raised in the defendant's responsive pleading. Rule 55.-27(g)(1); *Pemiscot County Memorial*

**342**

*Hosp. v. Bell,* 770 S.W.2d 499, 502 (Mo.App. 1989). A denial in general terms is insufficient to constitute a specific negative averment. *Executive Jet Management, Etc. v. Scott,* 629 S.W.2d 598, 611 (Mo.App.1981). Likewise, an answer which alleges insufficient knowledge to form a belief about corporate status to maintain a suit lacks the particularity required of a specific negative averment. *Id.* Both a general denial and an insufficient knowledge statement in the answer are treated as admissions of the corporate existence and capacity. *Id.* As a result, appellant's answer, which alleged insufficient information, did not plead the denial of Petry's capacity to sue or be sued with sufficient particularity. Appellant is treated as having admitted the capacity issue at trial. The point has not been preserved for appeal and is denied.

Appellant next argues that the jury instructions were deficient. In support of his claim, appellant contends the captions on jury instructions numbered one through seven were not proper, plaintiff improperly capitalized certain words in the jury instructions, and a converse instruction submitted by appellant was prejudicially altered-impermissibly shifting the burden of proof to appellant.

 Appellant's first criticism of the jury instructions centers on the captions of instructions numbered one through seven. The captions read "Jury Instruction No. _____" rather than "Instruction No. _____." A verdict will not be reversed for instructional error unless prejudice is demonstrated. *Crabb v. Mid–American Dairymen, Inc.,* 735 S.W.2d 714, 718 (Mo. banc 1987). The error must be one of substance with a high probability of prejudicial effect. *Fowler v. Park Corp.,* 673 S.W.2d 749, 756 (Mo. banc 1984). The mere addition of the word "jury" to the caption does not add or subtract anything from the meaning of the instructions. This minor variance does not result in any prejudice to appellant.

 Appellant next claims that the instructions submitted by respondent and given by the court to the jury were prejudicial because several words in each of the instructions were typed in capital letters-

most notably the word "PLAINTIFF." It cannot be said that the capitalization of certain words results in a high probability of prejudice. However, this type of deviation from the MAI 'style,' while not meriting reversal here, is strongly discouraged.

 Appellant's final complaints about the jury instructions concern appellant's own converse verdict director, patterned on MAI 33.05(1), which was modified by the court before it was submitted to the jury. Appellant's original instruction was submitted to the court as follows:

> Your verdict must be for Defendant if you believe that Defendant's wife owned and operated S & S Roofing and contracted for the goods supplied by Plaintiff.

The court modified the instruction to read:

> Your verdict must be for Defendant if you believe that Defendant's wife was the sole owner and operator of S & S Roofing and contracted for the goods supplied by Plaintiff.

A party challenging a not-in-MAI instruction must demonstrate that the instruction misdirected, misled, or confused the jury. *Cornell v. Texaco,* 712 S.W.2d 680, 682 (Mo. banc 1986). Here, the converse instruction as modified by the court served to clarify the issues rather than mislead the jury. Respondent correctly points out that in reading the original converse submitted by appellant, a jury could conclude appellant owned 80% of the business while his wife owned 20% and still find appellant did not owe the debt to Petry. The instruction modified by the court, rather than being error, was a better statement of the law.

 Appellant next insists that his altered converse instruction erroneously shifted the burden of proof to appellant. To determine whether the burden of proof was impermissibly shifted, we review all of the instructions. *Wilson v. Lockwood,* 711 S.W.2d 545, 552–53 (Mo.App.1986). MAI 3.01, contained in the instructions submitted to the jury, stated "[t]he burden of causing you to believe a proposition of fact is upon the party who relies on that proposition." Part of respondent's burden at

trial was to prove that appellant owned some portion of S & S Roofing. Appellant's converse as submitted to the jury did not alter respondent's burden, but essentially stated that if respondent was unsuccessful in proving appellant had any ownership interest in the business and Connie Sue Sutton was the sole owner—i.e. if respondent failed to carry his burden, then the jury must find for appellant. The instructions accurately portrayed the burden of proof. Point denied.

In his final point, appellant contends that the trial court exhibited insulting conduct toward his attorney which prejudiced his case. The trial judge admonished appellant's attorney once after repeated interruptions of respondents' counsel. The judge told appellant's counsel to be seated or that he would cite appellant's counsel for contempt. The single, isolated, admonishment lacks significant prejudicial effect. Appellant's final point is denied.

The judgment of the trial court is affirmed.

CRANDALL, P.J., and GRIMM, J., concur.