(631 P.2d 1240)

No. 51,711

State of Kansas, *ex rel.*, James A. McCain, Secretary of Human Resources, *Appellant*, v. Construction Enterprises, Inc., Shawn Allen and Lynn M. Long, *Appellees.*

Opinion filed July 31, 1981.

*F. Duane Roberts, Bonita J. Yoder, Douglas Vieth,* and *Kenneth G. Gale,* attorneys for Department of Human Resources, of Topeka, for the appellant.

No appearance by appellee.

Before Spencer, P.J., Parks and Meyer, JJ.

Parks, J.: Plaintiff, State of Kansas, *ex rel.,* James A. McCain, Secretary of Human Resources, appeals from an order of the trial court dismissing its claim for delinquent unemployment taxes against Shawn W. Allen, an officer and operator of Construction Enterprises, Inc. The central issue is whether the operators of a defectively formed corporation are personally liable for the company's unemployment taxes.

K.S.A. 17-6003(c)(5) requires that a certified copy of the articles of incorporation shall be recorded in the office of the register of deeds of the county in which the corporation's registered office is located. Moreover, K.S.A. 17-6006 states the corporate existence shall date from the incorporators' compliance with K.S.A. 17-6003.

In the present case, the trial court found that a duplicate copy of the articles had never been filed in the Johnson County register of deeds' office; thus, the requirements of K.S.A. 17-6003(c)(5) had not been satisfied. However, the trial court concluded that the defendant Shawn Allen had substantially complied with the Kansas Corporation Code in forming Construction Enterprises, Inc., and that he is not liable for corporate debts such as the unemployment contributions taxes due the State. The trial court then ordered judgment for the plaintiff against the defendant Construction Enterprises, Inc., in the amount of $711.49, plus postjudgment interest. The State appeals, contending that the

defendant should have been held personally liable because the purported corporation was never validly incorporated.

The fundamental question posed by this case is whether "substantial compliance" with the provisions of K.S.A. 17-6006 is sufficient to secure corporate existence. In *State, ex rel., v. Triplett,* 213 Kan. 381, 517 P.2d 136 (1973), a similar situation arose under the old corporation code. The purported corporation filed its articles of incorporation with the secretary of state but failed to file a certified copy with the register of deeds. The *Triplett* court indicated that absent compliance with the dual filing requirement of K.S.A. 17-2805 (the predecessor of K.S.A. 17-6006), no corporation was formed. This conclusion impliedly rejected the argument that anything other than strict compliance with the formalities of the corporation code would serve to create a corporation.

At one time, provisions regarding the formation of a corporation were very technical and confusing. To alleviate the resulting unfairness and to promote greater stability in corporate dealings, the courts adopted the concepts of the de facto and de jure corporation. Carpenter, *De Facto Corporations,* 25 Harv. L. Rev. 623, 623-25 (1912). A de jure corporation is one created in strict or substantial conformity to the governing corporation statutes. Fletcher, Cyclopedia of the Law of Private Corporations, § 3760 (rev. perm. ed. 1966), hereinafter referred to as Fletcher. The de facto corporation may be found to exist when there is a defective but bona fide attempt to incorporate coupled with an exercise of corporate powers. Fletcher, § 3761; *Douglass v. Midland Oil Co.,* 121 Kan. 448, 247 Pac. 1048 (1926). The cases discussing when a de facto or a de jure corporation may be found vary so widely that one scholar concluded, "the doctrine of the 'de facto' corporation may become merely an historical example of legal conceptualism at its worst." Frey, *Legal Analysis and the "De Facto" Doctrine,* 100 Pa. L. Rev. 1153, 1180 (1952). The confusion resulting from this history has in part been the catalyst for modern corporation statutes which simplify corporate creation and define the point of effective existence. Fletcher, § 3762.

Our corporation code is such an attempt at clarification and it specifically defines the point at which corporate existence begins. K.S.A. 17-6006 states:

"Upon the filing with the secretary of state of the articles of incorporation, executed, acknowledged and filed in accordance with section 3 [17-6003], the

incorporator or incorporators who signed the certificate, and his or their successors and assigns, shall be and constitute a body corporate from the date of such filing by the name set forth in the articles, subject to the provisions of subsection (*d*) of section 3 [17-6003] of this act and subject to dissolution or other temination of its existence as provided in this act."

K.S.A. 17-6003(*c*) defines a proper filing to include delivery of the document to the office of the secretary of state and local register of deeds' office. Moreover, K.S.A. 17-6005 states that a copy of the articles of incorporation duly certified by the secretary of state and register of deeds is prima facie evidence of the performance of all conditions precedent to the document's effectiveness. These provisions clearly indicate a legislative intent to define the beginning of corporate existence with precision and to alleviate the doubt inherent in the de facto/de jure distinctions.

In light of the *Triplett* case and the plain import of the provisions of the corporation code, we conclude that no de facto or de jure corporation can exist until the articles of incorporation are filed both with the secretary of state and the appropriate county register of deeds' office. Since Construction Enterprises failed to come into existence as a corporation, there was no valid corporate entity to shield defendant Shawn Allen from personal liability.

Judgment is reversed and the case is remanded to the district court with directions to assess the taxes and interest due the State of Kansas and to enter judgment against defendant Shawn Allen.