(917 P.2d 421)
No. 74,709

FEE INSURANCE AGENCY, INC., *Appellee*, v. JAMES SNYDER, *Appellant*.

Opinion filed May 17, 1996.

*Kerry J. Granger*, of Hutchinson, for the appellant.

*Thomas A. Dower*, of Reynolds, Forker, Berkley, Suter, Rose & Dower, of Hutchinson, for the appellee.

Before LEWIS, P.J., ELLIOTT, J., and CHARLES E. WORDEN, District Judge, assigned.

WORDEN, J.: Sometime prior to February 1, 1992, the appellant James Snyder contracted with the appellee Fee Insurance Agency, Inc., for insurance on a new restaurant. The appellant claimed and represented to the appellee that he was a stockholder and acting on behalf of E. A. Epperly, Inc., which owned the restaurant.

The appellee financed the appellant's insurance premium. The appellant did not pay the appellee for the coverage provided.

The appellee filed a limited action lawsuit against E. A. Epperly, Inc., Elizabeth Epperly, and the appellant in Reno District Court for a debt of $2,351.87 owing for insurance.

Based on the affidavit of Mary Trock, the register of deeds for Reno County, the articles of incorporation of E. A. Epperly, Inc., were never recorded with the office of the register of deeds.

At trial, appellant claimed a corporate shield defense to the action. The court ruled: "Defendant claims a corporate shield, but the Articles of Incorporation for E. A. EPPERLY, INCORPORATED, were never filed in the Reno County Register of Deeds office. Absent the corporate shield, there is no defense to this ac-

tion." It granted judgment against defendant in the sum of $2,351.87.

The question before this court is whether the district court erred in ruling that the defendant was not protected by a corporate shield because the articles of incorporation were not recorded with the register of deeds. This issue has not been addressed since *State ex rel. McCain v. Construction Enterprises, Inc.,* 6 Kan. App. 2d 627, 631 P.2d 1240 (1981). The statute controlling this issue has been amended since the *McCain* decision. We must determine whether the articles of incorporation must be filed with the register of deeds before corporate existence begins.

"Interpretation of a statute is a question of law. An appellate court's review of a question of law is unlimited." *Foulk v. Colonial Terrace,* 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995).

Prior to July 1, 1987, K.S.A. 1986 Supp. 17-6003(d) provided:

"Any instrument filed in accordance with subsection (c) of this section shall be effective upon its filing date except that if the instrument is not recorded in accordance with paragraph (5) of subsection (c) within 20 days after its filing date, the instrument shall not take effect until it is so recorded and the recording fee to be collected by the register of deeds shall be increased by 25%. Any instrument may provide that it is not to become effective until a specified date subsequent to its filing date, but such date shall not be later than 90 days after its filing date."

In 1987, this statute was amended to read as follows:

"Any instrument filed in accordance with subsection (c) shall be effective upon its filing date except that if the instrument is not recorded in accordance with paragraph (5) of subsection (c) within 20 days after its filing date, the recording fee to be collected by the register of deeds shall be increased by 25%. *Any instrument filed in accordance with subsection (c) during the period from January 1, 1986, through June 30, 1987, shall be deemed to be effective upon its filing date, unless a different effective date was specified for the instrument in accordance with this subsection, if the instrument was recorded in accordance with paragraph (5) of subsection (c) during such period but was not recorded within 20 days after the filing date.* Any instrument may provide that it is not to become effective until a specified date subsequent to its filing date, but such date shall not be later than 90 days after its filing date." L. 1987, ch. 89, § 1, p. 541.

"When the legislature revises an existing law, it is presumed that the legislature intended to change the law as it existed prior to the

amendment." *Hughes v. Inland Container Corp.*, 247 Kan. 407, 414, 799 P.2d 1011 (1990). Based on the language of the amendment, it appears that the legislature intended to make the articles of incorporation effective upon filing with the Secretary of State.

K.S.A. 17-6003 states in relevant part:

"(c) Whenever any provision of this act requires any instrument to be filed with the secretary of state or in accordance with this section or act, such requirement means that:

. . . .

(5) the duplicate copy of the instrument so certified by the secretary of state shall be recorded in the office of the register of deeds of the county in which the corporation's registered office in this state is, or is to be, located."

In *State ex rel. McCain v. Construction Enterprises, Inc.*, 6 Kan. App. 2d 627, this court found that no corporation existed until the articles of incorporation were filed with the Secretary of State and recorded in the office of the register of deeds of the county in which the corporation's registered office is located. That case, although it interprets 17-6003(c)(5), was decided before the 1987 amendments to 17-6003(d).

" '[T]he legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible.' [Citation omitted.]" *Todd v. Kelly*, 251 Kan. 512, 516, 837 P.2d 381 (1992).

The statutes now provide that upon properly filing the articles of incorporation with the Secretary of State, they are effective upon such date regardless of whether they are recorded with the register of deeds. However, if articles of incorporation are not recorded within 20 days of the filing, the recording fee increases.

Further, K.S.A. 17-6006 states:

"Upon the filing with the secretary of state of the articles of incorporation, executed, acknowledged and filed in accordance with K.S.A. 17-6003, the incorporator or incorporators who signed the certificate, and his or their successors and assigns, shall be and constitute a body corporate from the date of such filing by the name set forth in the articles, subject to the provisions of subsection (d) of K.S.A. 17-6003 and subject to dissolution or other termination of its existence as provided in this act."

Defendant relies on two letters, one from the Deputy Assistant Secretary of State and one from the Securities Commission, for his assertion that the articles of incorporation are effective upon filing with the Secretary of State's office. Neither letter was provided to the trial court.

In this case, neither party disputes that the articles of incorporation were properly filed with the Secretary of State. There is, however, no evidence in the record on appeal indicating the date on which they were filed.

If the articles of incorporation were filed prior to January 1, 1986, then the old statute would have been in effect and, because appellant did not file with the register of deeds, the articles of incorporation would not have taken effect and no corporation would exist.

The amended statute states in part:

"Any instrument filed in accordance with subsection (c) during the period from January 1, 1986, through June 30, 1987, shall be deemed to be effective upon its filing date . . . if the instrument was recorded in accordance with paragraph (5) of subsection (c) during such period but was not recorded within 20 days after the filing date." K.S.A. 17-6003(d).

If the articles of incorporation were filed prior to June 30, 1987, the corporate existence could not begin until they were filed with the register of deeds. On the other hand, if they were filed after that date, corporate existence begins upon the date of filing with the Secretary of State.

There is no evidence in the record as to when the articles of incorporation were filed. We are thus unable to determine when corporate existence began in this case.

The case is remanded to the trial court with directions to determine when the articles of incorporation were filed with the Secretary of State. If they were filed after June 30, 1987, corporate existence began on the date of filing, and the corporate shield defense is viable.

Reversed and remanded.