No. 74,709

FEE INSURANCE AGENCY, INC., *Appellee*, v. JAMES SNYDER,
*Appellant.*
930 P.2d 1054

Opinion filed January 24, 1997.

*Kerry J. Granger*, of Hutchinson, argued the cause and was on the brief for appellant.

*Thomas A. Dower*, of Reynolds, Forker, Berkley, Suter, Rose & Dower, of Hutchinson, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: The district court held an incorporator personally liable for a corporate debt because a duplicate copy of the articles of incorporation had not been recorded with the local register of deeds. K.S.A. 17-6003(c)(5). The Court of Appeals reversed, holding that a 1987 amendment to 17-6003 no longer required the register of deeds recordation to effect corporate existence. On petition for review, we conclude that recordation with the register of deeds remains a requirement for corporate existence under Kansas corporation law.

Fee Insurance Agency, Inc., (Fee Insurance) filed a petition in Reno County District Court against codefendants E.A. Epperly, Inc., (E.A. Epperly), Elizabeth Epperly, and James Snyder for an unpaid debt of $2,351.87. Snyder answered that as he was a stockholder in E.A. Epperly, he should be shielded from any personal liability for the corporate debt. E.A. Epperly had never recorded its articles of incorporation with the local register of deeds. The district court held that the claim of corporate shield was invalid because under K.S.A. 17-6003(c)(5), recordation of the articles of incorporation with the Reno County Register of Deeds was a prerequisite for corporate existence. Snyder was therefore held personally liable for the debt of $2,351.87.

Snyder appealed the district court's decision to the Court of Appeals. The case was placed on summary calendar and was decided without oral argument and upon stipulated facts. The stipulated facts included: (1) the petition filed by Fee Insurance; (2) Snyder's answer; (3) the district court's memorandum decision; and (4) an affidavit of Mary Trock, Register of Deeds for Reno County, stating that the articles of incorporation for E.A. Epperly had not been recorded.

The Court of Appeals acknowledged that prior to the 1987 amendment to 17-6003(d), Kansas law required, as a prerequisite to corporate existence, recordation of the duplicate copy of the articles of incorporation with the register of deeds. This precise

issue was resolved in the case of *State ex. rel. McCain v. Construction Enterprises, Inc.,* 6 Kan. App. 2d 627, 631 P.2d 1240 (1981). *McCain* raised the question whether the operators of a defectively formed corporation were personally liable for the company's unemployment taxes. Not unlike the case we now consider, the corporation had failed to record a certified copy of the articles of incorporation in the office of the register of deeds of the county in which the corporation's registered office was located. *McCain* held that the old version of 17-6003(c)(5) required such recordation and that K.S.A. 17-6006 provided that the corporate existence began upon the incorporators' compliance with 17-6003. Thus, the law in Kansas was well settled by *McCain:*

> "No de jure or de facto corporation can exist until the articles of incorporation are both filed with the secretary of state and recorded in the office of the register of deeds of the county in which the corporation's registered office is located." 6 Kan. App. 2d 627, Syl.

The Court of Appeals rejected *McCain* on the basis of a legislative amendment to 17-6003 occurring in 1987. L. 1987, ch. 89, § 1. Prior to July 1, 1987, K.S.A. 1986 Supp. 17-6003(d) provided:

> "Any instrument filed in accordance with subsection (c) of this section shall be effective upon its filing date except that if the instrument is not recorded in accordance with paragraph (5) of subsection (c) within 20 days after its filing date, *the instrument shall not take effect until it is so recorded and* the recording fee to be collected by the register of deeds shall be increased by 25%." (Emphasis added.)

After the 1987 amendment, K.S.A. 17-6003(d) states:

> "Any instrument filed in accordance with subsection (c) shall be effective upon its filing date except that if the instrument is not recorded in accordance with paragraph (5) of subsection (c) within 20 days after its filing date. the recording fee to be collected by the register of deeds shall be increased by 25%."

Notably absent from the 1987 legislation is the language that "the instrument shall not take effect until it is so recorded." Yet, the late filing fee increase of 25% remained.

Upon examining this amendment, the Court of Appeals held:

> "The statutes now provide that upon properly filing the articles of incorporation with the Secretary of State, they are effective upon such date regardless of whether they are recorded with the register of deeds. However, if articles of incorporation

are not recorded within 20 days of filing, the recording fee increases." *Fee Ins. Agency, Inc. v. Snyder*, 22 Kan. App. 2d at 408.

The specific question we are faced with is whether, as a prerequisite to corporate existence, a duplicate copy of the instrument so certified by the Secretary of State must be recorded in the office of the register of deeds of the county in which the corporation's registered office in this state is, or is to be, located under the provisions of K.S.A. 17-6003(c)(5). Resolution of the issue in this case involves the interpretation of K.S.A. 17-6003. Interpretation of a statute is a question of law. An appellate court's review of a question of law is unlimited. See *State v. Donlay*, 253 Kan. 132, 133-34, 853 P.2d 680 (1993).

" 'It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained.' " *City of Wichita v. 200 South Broadway*, 253 Kan. 434, 436, 855 P.2d 956 (1993) (quoting *West v. Collins*, 251 Kan. 657, Syl. ¶¶ 3, 4, 840 P.2d 435 [1992]). Legislative intent

" 'is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible.' " *Todd v. Kelly*, 251 Kan. 512, 516, 837 P.2d 381 (1992) (quoting *In re Marriage of Ross*, 245 Kan. 591, 594, 783 P.2d 331 [1989]).

We conclude the current statutory provisions read together continue to support the *McCain* decision:

"K.S.A. 17-6003(c) defines a proper filing to include delivery of the document to the office of the secretary of state and local register of deeds' office. Moreover, K.S.A. 17-6005 states that a copy of the articles of incorporation duly certified by the secretary of state and register of deeds is prima facie evidence of the performance of all conditions precedent to the document's effectiveness. These provisions clearly indicate a legislative intent to define the beginning of corporate existence with precision and to alleviate the doubt inherent in the de facto/de jure distinctions." 6 Kan. App. 2d at 629.

K.S.A. 17-6001(a) explains:

"Any person, partnership, association or corporation, singly or jointly with others, and without regard to his or their residence, domicile or state of incorporation,

may incorporate or organize a corporation under this act by filing with the secretary of state articles of incorporation which shall be executed, acknowledged, filed and recorded in accordance with K.S.A. 17-6003, and any amendments thereto."

K.S.A. 17-6003 provides general procedures for execution, acknowledgment, filing, and recording under the Kansas Corporation Code. K.S.A. 17-6003(c) and (d) provide:

"(c) Whenever any provision of this act requires any instrument to be *filed with the secretary of state* or in accordance with this section or act, *such requirement means that*:

(1) The original signed instrument, together with a *duplicate copy* which may be either a signed or conformed copy, shall be delivered to the office of the secretary of state;

(2) all taxes and fees authorized by law to be collected by the secretary of state in connection with the filing of the instrument shall be tendered to the secretary of state;

(3) upon delivery of the instrument, and upon tender of the required taxes and fees, *the secretary of state shall certify that the instrument has been filed in the office of secretary of state by endorsing upon the original signed instrument the word 'Filed' and the date and hour of its filing. This endorsement is the 'filing date' of the instrument and is conclusive of the date and time of its filing in the absence of actual fraud.* The secretary of state shall thereupon file and index the endorsed instrument;

(4) the secretary of state shall compare the duplicate copy with the original signed instrument, and if the secretary of state finds that they are identical, *the secretary of state shall certify the duplicate copy by making upon it the same endorsement which is required to appear upon the original, together with a further endorsement that the duplicate copy is a true copy of the original signed instrument;*

(5) *the duplicate copy of the instrument so certified by the secretary of state shall be recorded in the office of the register of deeds of the county in which the corporation's registered office in this state is, or is to be, located;* and

(6) upon receipt of the certified copy of the instrument, the register of deeds shall record and index it in a book kept for that purpose.

"(d) *Any instrument filed in accordance with subsection (c) shall be effective upon its filing date except that if the instrument is not recorded in accordance with paragraph (5) of subsection (c) within 20 days after its filing date, the recording fee to be collected by the register of deeds shall be increased by 25%.* Any instrument filed in accordance with subsection (c) during the period from January 1, 1986, through June 30, 1987, shall be deemed to be effective upon its filing date, unless a different effective date was specified for the instrument in accordance with this subsection, if the instrument was recorded in accordance with

paragraph (5) of subsection (c) during such period but was not recorded within 20 days after the filing date. Any instrument may provide that is not to become effective until a specified date subsequent to its filing date, but such date shall not be later that 90 days after its filing date." (Emphasis added.)

The importance of the procedure in K.S.A. 17-6003 is illustrated in K.S.A. 17-6006, which states:

"Upon the filing with the secretary of state of the articles of incorporation, executed, acknowledged and filed in accordance with K.S.A. 17-6003, the incorporator or incorporators who signed the certificate, and his or their successors and assigns, shall be and constitute a body corporate from the date of such filing by the name set forth in the articles, subject to the provisions of subsection (d) of K.S.A. 17-6003 and subject to dissolution or other termination of its existence as provided in this act."

It is true that the 1987 amendment significantly altered the first sentence of 17-6003(d) and added the second sentence. The Court of Appeals adopted Snyder's argument that the legislature, by removing the following language from the 1986 version, "the instrument shall not take effect until it is so recorded," changed prior Kansas case law by no longer requiring recordation with the register of deeds as a prerequisite to corporate existence. However, when subsections (c) and (d) of K.S.A. 17-6003 are read together and interpreted in light of the entire act, it becomes clear that the legislature did not intend to do away with the requirement of recording a duplicate copy of the articles of incorporation in the appropriate register of deeds' office but rather intended to modify the date a corporation comes into existence.

The key to understanding legislative intent lies in subsection (c). Under this subsection, "filing with the secretary of state" means not only filing the articles of incorporation with the Secretary of State, K.S.A. 17-6003(c)(1), but also includes a requirement that the duplicate copy of the instrument so certified by the Secretary of State shall be recorded in the office of the register of deeds of the county in which the corporation's registered office in this state is, or is to be, located, K.S.A. 17-6003(c)(5). Thus, filing with the Secretary of State is not complete until both filing and recording are accomplished.

In contrast, K.S.A. 17-6003(d) defines when the filing is effective and when corporate existence begins. An examination of the legislature's demarcation of time illustrates *not* the intent to change the procedure needed to commence corporate existence, but rather to alter the time corporate existence commences.

The earlier version of 17-6003(d) provided for an effective date of corporate existence upon *the filing date* as long as subsection (c) was met. If the articles were not recorded with the register of deeds in full compliance with 17-6003(c) within 20 days of the filing date, the instrument was not effective until *the date it was finally recorded.*

The second sentence of the amended K.S.A. 17-6003(d) addresses the transition period between the old law and the new amendment. For 6 months before the amendment applied, an instrument is effective *on the filing date* as long as the provisions of subsection (c) were met, which under the provisions of (c)(5), still required recording with the appropriate register of deeds' office. The filing date with the Secretary of State is considered the starting date of corporate existence *even if the articles were not recorded within 20 days of the filing* with the Secretary of State. However, for the filing date to mark corporate existence, the recording with the appropriate register of deeds must at least have occurred within the same 6-month period.

Finally, the first sentence of K.S.A. 17-6003(d) addresses the filing after the effective date of the amendment. The articles are effective *on the filing date* with the Secretary of State when the provisions of subsection (c) are met, which still include recording with the appropriate register of deeds' office. However, if the recording with the register of deeds does not occur within 20 days, the fee is increased but the effective date of corporate existence will still relate back to the date of filing with the Secretary of State.

Contrary to the conclusion reached by the Court of Appeals, the legislature, by its 1987 amendment to 17-6003(d), did not intend to eliminate the requirement for recording articles of incorporation with the appropriate register of deeds to effectuate corporate existence. Rather, it changed the effective date of when a corporation came into existence by eliminating the provision that delayed cor-

porate existence until the recording with the appropriate register of deeds if the articles were not so recorded within 20 days of filing the articles with the Secretary of State.

The effect of the 1987 legislative amendment to 17-6003 is to make the instrument effective upon its filing with the Secretary of State, thus triggering corporate existence. In addition, the amendment preserves the provision that an instrument filed with the Secretary of State but not subsequently recorded in the appropriate office of register of deeds within 20 days of its filing will carry an increased fee for recording the instrument.

We hold that the provisions of K.S.A. 17-6003(c)(5) which require that a duplicate copy of the articles of incorporation so certified by the Secretary of State be recorded in the office of the register of deeds of the county in which the corporation's registered office in this state is, or is to be, located is a prerequisite to corporate existence in Kansas. E.A. Epperly did not complete the statutory procedure for "filing" required to create a corporate body. It follows that the district court was correct in holding Snyder liable for the debt to Fee Insurance.

Our conclusion under the facts of this case is consistent with 14 Vernon's Kansas General Corp. Code § 17-6003, Comments, p. 12 (1996 Supp.):

"This [1987] amendment [to 17-6003] deleted the provision which delayed the effective date of the instrument if it is recorded more than 20 days from the date it is filed with the secretary of state. *The amendment did not disturb the requirement of recording an instrument filed in the secretary of state's office with the appropriate office of register of deeds, but the effect of the amendment is to make the instrument effective upon its filing with the secretary of state.* In addition, the amendment preserved the requirement that, if an instrument that is filed with the secretary of state is not subsequently recorded in the appropriate office of register of deeds within 20 days of its filing, the fee for recording the instrument is increased by 25%." (Emphasis added.)

The judgment of the Court of Appeals reversing the district court is reversed; the judgment of the district court is affirmed.