No. 74,660

RIVER CITY BROADCASTING, INC., *Appellee*, v. SYSTEMS WITH RELIABILITY, INC., *Defendant*, and GLENN BELL d/b/a BELL MARINE CONSULTING, *Appellant*.

(941 P.2d 937)

Opinion filed July 11, 1997.

*Thomas A. Wood*, of Wichita, argued the cause and was on the briefs for appellant.

*Jeffrey L. Willis*, of Willis & Holmes, P.A., of Wichita, argued the cause and was on the briefs for appellee.

The opinion of the court was delivered by

DAVIS, J.: River City Broadcasting, Inc., (River City) brought suit for breach of implied warranties against Glenn Bell d/b/a Bell Marine Consulting (Bell) and Systems with Reliability, Inc., (Systems). The jury found for River City and awarded $50,000 in damages assessed against Bell alone. Bell appealed, claiming River City lacked capacity to sue because its articles of incorporation were not filed with the register of deeds on the date suit was filed. The Court

of Appeals affirmed in an unpublished opinion filed November 22, 1996. We granted review primarily on the question of corporate existence.

In our order granting review, we directed the parties "to brief the effect of the recent holding of [*Fee Ins. Agency v. Snyder*, 261 Kan. 414, 930 P.2d 1054 (1997),] as well as whether the July 28, 1994 recording of the articles of incorporation with register of deeds had a retroactive curative effect on River City's claimed lack of capacity to sue."

The following chronology highlights the issue we must resolve on review:

December 10, 1991: Plaintiff, River City, filed its articles of incorporation with the Secretary of State.

June 24, 1994: Plaintiff filed this lawsuit as a corporation.

July 26, 1994: The defendants Systems and Bell answered, alleging an affirmative defense that plaintiff lacked capacity to sue because the duplicate copy of its articles had not been recorded with the register of deeds.

July 28, 1994: Plaintiff recorded its articles of incorporation with the register of deeds but did not file any supplemental petition.

On appeal, Bell argues that plaintiff was not a recognized legal entity with the capacity to sue on the date that it filed the petition because it had not completed the statutory procedure required to effectuate corporate existence. He argues that such a defect cannot be cured at a later date. In response, River City argues that pursuant to K.S.A. 17-6003, the date of its corporate existence relates back to the date it filed its articles of incorporation with the Secretary of State. Thus, it asserts it had the capacity to sue Bell for breach of implied contract warranties.

The trial court denied the summary judgment sought on the basis of lack of corporate existence:

"The legal ruling of the Court will be that K.S.A. 17-1603 [*sic*] and 17-6003 together result in the legal conclusion that Articles of Incorporation filed with the

Register—excuse me—with the Secretary of State establish, by that act, viability as a corporation. The following or later required act of recordation of those articles with the Register of Deeds does not affect the viability as a corporation. It simply provides an express, independent penalty for late filing of an increased fee."

Similarly, the Court of Appeals held:

"Based on the language of the amendment, the legislature intended that all articles of incorporation filed with the Secretary of State after June 30, 1987, were to become effective upon filing.

"Here, River City filed its articles of incorporation with the Secretary of State on December 10, 1991, and filed its suit against Bell on June 24, 1994. As a result of these filing dates, Bell's argument must fail."

This case deals with the 1987 amendment to the Kansas Corporation Code regarding the commencement of corporate existence in Kansas. L. 1987, ch. 89, § 1; see K.S.A. 17-6003; K.S.A. 17-6006. Prior to 1987, it was clear that no de jure or de facto corporation could exist until the articles of incorporation were filed with the Secretary of State *and* recorded in the office of the register of deeds of the county in which the corporation's registered office was located. *State ex rel. McCain v. Construction Enterprises, Inc.*, 6 Kan. App. 2d 627, 631 P.2d 1240 (1981). However, our recent decision in *Fee Ins. Agency, Inc. v. Snyder*, 261 Kan. 414, 930 P.2d 1054 (1997), bears directly upon the resolution of the issue we must resolve in this appeal. We had not yet decided *Fee Ins.* at the time the trial court and the Court of Appeals rendered their decisions in this case.

Following the 1987 amendment, K.S.A. 17-6003 (c) and (d) provide in relevant part:

"(c) Whenever any provision of this act requires any instrument to be *filed with the secretary of state* or in accordance with this section or act, *such requirement means that*:

"(1) The original signed instrument, together with a *duplicate copy* which may be either a signed or conformed copy, shall be delivered to the office of the secretary of state;

"(2) all taxes and fees authorized by law to be collected by the secretary of state in connection with the filing of the instrument shall be tendered to the secretary of state;

"(3) upon delivery of the instrument, and upon tender of the required taxes and fees, *the secretary of state shall certify that the instrument has been filed in the office of secretary of state by endorsing upon the original signed instrument*

*the word 'Filed' and the date and hour of its filing. This endorsement is the 'filing date' of the instrument and is conclusive of the date and time of its filing in the absence of actual fraud.* The secretary of state shall thereupon file and index the endorsed instrument;

"(4) the secretary of state shall compare the duplicate copy with the original signed instrument, and if the secretary of state finds that they are identical, *the secretary of state shall certify the duplicate copy by making upon it the same endorsement which is required to appear upon the original, together with a further endorsement that the duplicate copy is a true copy of the original signed instrument:*

"(5) *the duplicate copy of the instrument so certified by the secretary of state shall be recorded in the office of the register of deeds of the county in which the corporation's registered office in this state is, or is to be, located;* and

"(6) upon receipt of the certified copy of the instrument, the register of deeds shall record and index it in a book kept for that purpose.

"(d) *Any instrument filed in accordance with subsection (c) shall be effective upon its filing date except that if the instrument is not recorded in accordance with paragraph (5) of subsection (c) within 20 days after its filing date, the recording fee to be collected by the register of deeds shall be increased by 25%.* Any instrument filed in accordance with subsection (c) during the period from January 1, 1986, through June 30, 1987, shall be deemed to be effective upon its filing date, unless a different effective date was specified for the instrument in accordance with this subsection, if the instrument was recorded in accordance with paragraph (5) of subsection (c) during such period but was not recorded within 20 days after the filing date. Any instrument may provide that is not to become effective until a specified date subsequent to its filing date, but such date shall not be later than 90 days after its filing date." (Emphasis added.)

The Court of Appeals, interpreting the above provisions in *Fee Ins. Agency, Inc. v. Snyder,* 22 Kan. App. 2d 406, 917 P.2d 421 (1996), concluded that recording the duplicate copy of the articles of incorporation was no longer a prerequisite in Kansas to commencement of corporate existence. We granted a petition for review and reversed. In *Fee Ins.,* 261 Kan. at 419-21, we held that recording the duplicate copy of the articles of incorporation with the register of deeds remained a prerequisite for corporate existence in Kansas. In *Fee Ins.,* unlike the case we now deal with, the plaintiff never recorded the duplicate articles of incorporation with the register of deeds.

Bell acknowledges that our decision in *Fee Ins.* recognizes that under the 1987 amendment, corporate existence commences on

the date the articles of incorporation are filed with the Secretary of State but filing is not complete until the duplicate copy of the articles is recorded with the register of deeds. However, Bell contends that *Fee Ins.* does not address the question of whether the belated recording of the duplicate articles retroactively cures the lack of capacity to sue.

The determination of this issue requires further examination of our decision in *Fee Ins.* and the provisions of K.S.A. 17-6003. In *Fee Ins.*, the defendant stockholder claimed he should be shielded. from personal liability for a debt incurred by the corporation. He argued that the effect of the 1987 amendment to 17-6003 was to make the filing of articles with the Secretary of State the only prerequisite to effectuate corporate existence. Thus, the stockholder asserted that the corporate body was a legal entity even though the articles had never been recorded with the register of deeds.

In *Fee Ins.*, we said:

"The key to understanding legislative intent lies in subsection (c). Under this subsection, 'filing with the secretary of state' means not only filing the articles of incorporation with the Secretary of State, K.S.A. 17-6003(c)(1), but also includes a requirement that the duplicate copy of the instrument so certified by the Secretary of State shall be recorded in the office of the register of deeds of the county in which the corporation's registered office in this state is, or is to be, located, K.S.A. 17-6003(c)(5). Thus, filing with the Secretary of State is not complete until both filing and recording are accomplished.

"In contrast, K.S.A. 17-6003(d) defines when the filing is effective and when corporate existence begins. An examination of the legislature's demarcation of time illustrates *not* the intent to change the procedure needed to commence corporate existence, but rather to alter the time corporate existence commences.

"The earlier version of 17-6003(d) provided for an effective date of corporate existence upon *the filing date* as long as subsection (c) was met. If the articles were not recorded with the register of deeds in full compliance with 17-6003(c) within 20 days of the filing date, the instrument was not effective until *the date it was finally recorded*.

"The second sentence of the amended K.S.A. 17-6003(d) addresses the transition period between the old law and the new amendment. For 6 months before the amendment applied, an instrument is effective *on the filing date* as long as the provisions of subsection (c) were met, which under the provisions of (c)(5), still required recording with the appropriate register of deeds' office. The filing date with the Secretary of State is considered the starting date of corporate existence *even if the articles were not recorded within 20 days of the filing* with the

Secretary of State. However, for the filing date to mark corporate existence, the recording with the appropriate register of deeds must at least have occurred within the same 6-month period.

"Finally, the first sentence of K.S.A. 17-6003(d) addresses the filing after the effective date of the amendment. The articles are effective *on the filing date* with the Secretary of State when the provisions of subsection (c) are met, which still include recording with the appropriate register of deeds' office. However, if the recording with the register of deeds does not occur within 20 days, the fee is increased but the effective date of corporate existence will still relate back to the date of filing with the Secretary of State.

"Contrary to the conclusion reached by the Court of Appeals, the legislature, by its 1987 amendment to 17-6003(d), did not intend to eliminate the requirement for recording articles of incorporation with the appropriate register of deeds to effectuate corporate existence. Rather, it changed the effective date of when a corporation came into existence by eliminating the provision that delayed corporate existence until the recording with the appropriate register of deeds if the articles were not so recorded within 20 days of filing the articles with the Secretary of State.

"The effect of the 1987 legislative amendment to 17-6003 is to make the instrument effective upon its filing with the Secretary of State, thus triggering corporate existence. In addition, the amendment preserves the provision that an instrument filed with the Secretary of State but not subsequently recorded in the appropriate office of register of deeds within 20 days of its filing will carry an increased fee for recording the instrument." 261 Kan. at 419-21.

Our decision in *Fee Ins.* controls. The articles in this case were filed with the Secretary of State on December 10, 1991. The recording with the register of deeds occurred July 28, 1994. Under the provisions of K.S.A. 17-6003(d), the effective date of corporate existence relates back to the date of filing with the Secretary of State.

It is important to note that Bell claims no prejudice by reason of the late recording of the articles of incorporation with the register of deeds. His position is that the capacity to sue must be determined at the time the action is filed. Bell relies upon cases decided by this court long before the adoption of the 1964 Kansas Code of Civil Procedure. These cases have little bearing upon our decision today. The language of the 1987 amendment to 17-6003 is clear. Our decision in *Fee Ins.* interpreting the amendment provides that corporate existence commences upon the date articles

of incorporation are filed with the Secretary of State, provided that all the provisions of K.S.A. 17-6003 are met.

As a final note, we acknowledge Bell's challenge to the trial court's denial of his motions for directed verdict and for judgment notwithstanding the verdict. We, like the Court of Appeals, are convinced that there was sufficient evidence to submit the issue to the jury. There was also sufficient evidence supporting the jury decision and award in this case.

Judgment of the Court of Appeals affirming the district court is affirmed.