Melissa A. Wangemann Legal Counsel Office of the Secretary of State 2nd Floor, State Capitol Topeka, Kansas 66612-1594
Dear Ms. Wangemann:
As legal counsel for the Secretary of State's Office you ask our opinion on, (1) whether an out-of-state trustee can act as corporate trustee for money paid under a prearranged funeral contract pursuant to K.S.A. 16-308 and, if so, does K.S.A. 16-301 require the trustee to maintain the prearranged funeral accounts in the state of Kansas, and (2) whether a cemetery merchandise trust fund may be in the custody of an out-of-state trustee when K.S.A, 16-324 requires such trust companies to be "authorized to do business in this state."
 Law Common to Both Questions
When analyzing prearranged funeral agreements, the Kansas Supreme Court held, "the whole enterprise presents a fertile field for fraud and imposition and is properly subject to the police power of the state," and "is of such nature as to invite stringent regulation."[1] In the case of Lakeview Gardens, Inc. v. State ex rel. Schneider,[2] the Court explained the legislative concern expressed in K.S.A. 16-301 "emanated from the possibility of fraud which can arise from sales of burial merchandise to persons where the purchase price is collected long in advance of any actual need for such merchandise."[3] The Court inLakeview further explained that the purpose of requiring prearranged funeral funds to be held in trust was to insure the purchaser would receive their merchandise or their money back at the time the need occurred.[4] The reasoning of the Court in Lakeview has been found by this office to apply equally to prearranged funeral arrangements and prepaid cemetery merchandise contracts.[5]
 Prearranged Funeral Agreements
K.S.A. 16-301 states:
 "Any agreement, contract or plan requiring the payment of money in a lump sum or installments which is made or entered into with any person, association, partnership, firm or corporation for the final disposition of a dead human body, or for funeral or burial services, or for the furnishing of personal property or funeral or burial merchandise, wherein the delivery of the personal property or the funeral or burial merchandise or the furnishing of services is not immediately required, is hereby declared to be against public policy and void, unless all money paid thereunder shall be deposited in a bank or savings and loan association which is authorized to do business in this state and insured by a federal agency, or invested in a credit union which is insured with an insurer or guarantee corporation as required under K.S.A. 17-2246, and amendments thereto, all as herein provided, and subject to the terms of an agreement for the benefit of the purchaser of the agreement, contract or plan." (Emphasis added).
K.S.A. 16-308 requires that any prearranged funeral contract "shall provide for payment of all monies received by the seller to a corporate trustee designated in a trust indenture" and that "all money so paid to and held by such corporate trustee, as well as any interest and earnings thereon, shall be held by such corporate trustee for the benefit of the purchaser in a separate account" or "may be invested collectively in a fund maintained by such corporate trustee in its capacity as such." Prearranged funeral contracts under K.S.A. 16-308 are expressly exempted from K.S.A. 16-302 and 16-303, but not from K.S.A. 16-301.
The legislative history of prearranged funeral statutes reflects legislative concern for the public's protection. In 1973, K.S.A. 16-301
was amended to require that all trust money be "deposited," rather than "paid to and held by" a bank or trust company, which thereafter must be "insured by a federal agency."[6] Also in 1973, K.S.A. 16-308 was added; if the purchaser's trust indenture designated a corporate trustee, the prearranged funeral funds would be "paid to and held by" the trustee.[7] Testimony cited in legislative minutes underscored the requirement that 100% of prearranged funeral funds be placed in trust, in preference to lesser percentages required in other states.[8]
By 1989, authorized and insured savings and loans and credit unions could accept prearranged funeral funds, but in 1989 "trust companies" were deleted from K.S.A. 16-301.[9] At the urging of the Office of the State Bank Commissioner, all trust company statutes were consolidated under the Banking Code to provide more uniform regulation of Kansas trusts, including conservative capital requirements and periodic audits.[10] Article 9 of the Banking Code now governed trust activity for trust companies and bank trust departments located in Kansas.[11]
K.S.A. 9-701 was then amended to prohibit Kansas trust companies from accepting deposits.[12] Consequently, because K.S.A. 16-301 allowed prearranged funeral funds to be "deposited" in Kansas trust companies, the 1989 Legislature eliminated trust companies from K.S.A. 16-301. No change was made to the "corporate trustee" in K.S.A. 16-308 whom funds were "paid to and held by."[13]
The fundamental rule of statutory construction is that the intent of the Legislature governs if it can be ascertained.[14] "Effect must be given, if possible, to the entire act and every part thereof."[15]
K.S.A. 16-301 and 16-308 must therefore be construed together. However, the two statutes affect separate features of funeral prearrangements. By its plain terms K.S.A. 16-301 applies to all
prearranged funeral agreements, contracts and plans, and mandates that funds from these arrangements be "deposited" in Kansas authorized and insured banks, or savings and loans or "invested" in insured credit unions. All other arrangements are void and no funds may be deposited in trust companies.
K.S.A. 16-308 applies only to contracts not subject to K.S.A. 16-302
and 16-303. It permits a designated corporate trustee to separate or pool funds, and to hold all funds in the name of the purchaser. Construing K.S.A. 16-301 and 16-308 together, such funds are still subject to the depository constraints of K.S.A. 16-301. There is no language, however, limiting the corporate trustee to a Kansas trustee, as in K.S.A. 16-324, discussed below. In fact, K.S.A. 16-309 refers to nonresident corporations doing business under these statutes. Under the Banking Code, unless an out-of-state trustee qualifies as a "trust facility" (i.e. having an office, agency, desk or other place for conducting trust business) it is not required to apply to Kansas for trust authority.[16]
We have found no statutory definition of "corporate trustee," but the term is used throughout Kansas statutes, and is typically qualified by the phrases "having the powers of a trust company within or without the state" or "incorporated under the laws of Kansas."[17] Because there is no clear legislative intent to require in-state trustees, only in-state deposits, and other statutes in the same and other acts designate the trustee's qualifications, we cannot read limitations into K.S.A. 16-308 which the Legislature did not choose to attach. Statutes should not be read "as to add what is not easily found therein or to remove what ordinary language would include."[18]
It is our conclusion that prearranged funeral contracts may be administered by an out-of-state trustee, who may charge reasonable expenses,[19] but all funds must be deposited in a qualified Kansas institution, excluding a trust company, or invested in an insured credit union.
 Cemetery Merchandise Contracts
This office has previously distinguished prearranged funeral contracts from cemetery merchandise contracts, citing the different funding provisions and the exemption in K.S.A. 16-333 from all prearranged funeral statutes, including K.S.A. 16-301.[20] "Cemetery merchandise" is defined in K.S.A. 16-320(a). A prepaid merchandise contract is "any agreement for the sale of cemetery merchandise by a cemetery corporation which requires payment of the purchase price, in whole or in part, prior to delivery of the cemetery merchandise, which agreement is entered into from and after the effective date of this act."[21]
In 1989, as part of the Bank Commissioner's efforts to eliminate any trust statutes which permitted deposits, trust companies were deleted from K.S.A. 16-322 and 16-324. Cemetery corporations could no longer "establish and maintain a cemetery merchandise trust fund" with a trust company.[22] In 1994, trust companies convinced the Legislature to reinsert the term "trust companies" back in these statutes.[23]
Testimony explained that cemetery maintenance funds did not receive "deposits" as defined by the Banking Code; rather, cemetery merchandise funds were identical to funds which trust companies routinely managed in their fiduciary capacities.[24] K.S.A. 16-324 now reads: "A cemetery merchandise trust fund established pursuant to K.S.A. 16-321 or 16-322, and amendments thereto, shall at all times be in the custody of a trust company or a federally insured bank or savings and loan which is authorized to do business in this state."
Your letter asks whether the term "authorized to do business" restricts trust companies to those facilities which have applied for and received authority from the Bank Commissioner to transact trust business in Kansas.[25] The plain language of K.S.A. 16-324 requires trust companies to be "authorized" in Kansas, and the only statutory method to gain authority is under the Banking Code.[26] Your request cites a Kansas case which construes "authorized to do business" as mere "competency to act."[27] The Court in Dougherty based its holding on factors contrary to our present facts: legislative history indicated "authorized" did not imply a grant of power was necessary, the statute was remedial and was to be liberally construed.[28] Because the Kansas Legislature considered the cemetery merchandise enterprise susceptible to fraud and deceit and acted under its police power to protect the public, "authorized" should be strictly construed in K.S.A. 16-324 and defined as an affirmative grant of power by the regulatory body.[29]
Minutes from the 1994 legislative committee which restored trust companies to K.S.A. 16-324 stated that 1994 House Bill No. 2691 would "allow cemetery corporations to place permanent maintenance funds with trust companies located within the state." (Emphasis added).[30] In fact, trust companies would not have been deleted in 1989 if they were not required to be Kansas trust companies, because only in-state trusts are prohibited from receiving deposits (which was the basis for the deletion).[31]
It is our opinion that cemetery merchandise trust funds may only be in the custody of trust companies authorized by the Kansas Bank Commissioner to transact trust business in Kansas, and out-of-state trust companies are not "authorized to do business in this state" as intended by K.S.A.16-324.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Nancy L. Ulrich Assistant Attorney General
CJS:JLM:NLU:jm
[1] State, ex rel. Londerholm v. Anderson, 195 Kan. 649, 656 (1965).
[2] 221 Kan. 211 (1976).
[3] Id. at 215.
[4] Id.
[5] Attorney General Opinion No. 86-123.
[6] L. 1973, Ch. 86, § 1.
[7] L. 1973, Ch. 86, § 4.
[8] Minutes, Committee on Commercial and Financial Institutions, February 27, 1973, attachment.
[9] L. 1989, Ch. 48, § 70.
[10] Minutes, House Committee on Commercial and Financial Institutions, February 2, 1989, attachment 1.
[11] Id.
[12] L. 1989, Ch. 48, § 11.
[13] See, n. 9.
[14] Fee Ins. Agency, Inc. v. Snyder, 261 Kan. 414 (1997).
[15] Board of Leavenworth County Comm'rs v. McGraw Fertilizer Serv.,Inc., 261 Kan. 901,919 (1997).
[16] K.S.A. 1997 Supp 9-2111.
[17] See, e.g., K.S.A. 12-881; 12-3713; 13-13c09; 19-2862e; 58-1205.
[18] In re Tax Appeal of Atchison Cablevision, 262 Kan. 223, 228
(1997).
[19] K.S.A. 16-308.
[20] Attorney General Opinion No. 85-134.
[21] K.S.A. 16-220(c).
[22] L. 1989, Ch. 48, §§ 75, 76.
[23] L. 1994, Ch. 34, §§ 1,2.
[24] Minutes, Committee on House Financial Institutions and Insurance, February 8, 1994, attachment 1.
[25] K.S.A. 9-801, et seq.
[26] Id.
[27] Dogherty v. Kansas City Star, 143 Kan. 802, 805-806 (1936).
[28] Id.
[29] See, n. 25.
[30] Minutes, Senate Committee on Financial Institutions and Insurance, March 9, 1994.
[31] K.S.A. 9-701(b); see n. 9.