**DePAUL COMMUNITY HEALTH CENTER, Plaintiff-Appellant,**

v.

**Rita C. TREFTS, Defendant-Respondent.**

No. 48634.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 29, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 26, 1985.

Gerald Julian Bamberger, St. Charles, for plaintiff-appellant.

William G. Buchholz, Clayton, for defendant-respondent.

KAROHL, Judge.

Plaintiff hospital sued defendant patient to recover on an unpaid bill for medical services rendered to defendant. Defendant's amended answer denied that plaintiff "... is a corporation duly organized and existing by law." The trial court found that as plaintiff was not a corporation it could not prove its corporate existence and directed a verdict for defendant. Plaintiff appeals the resulting judgment against plaintiff DePaul Community Health Center, Daughters of Charity, a corporation, operating DePaul Community Health Center. Plaintiff seeks a new trial contending that: (1) the trial court erred in sustaining defendant's motion for directed verdict as defendant's answer to plaintiff's first amended petition did not adequately raise the issue of plaintiff's legal existence in compliance with Rule 55.13; and, (2) the trial court erred in denying plaintiff's oral motion to amend its petition to change the name of plaintiff to that of the existing corporation, DePaul Health Center, and for leave to reopen its case and present evidence of DePaul Health Center's corporate status and a prior change of name. Defendant submitted with her motion for directed verdict a document from the Secretary of State's office indicating that there are no records in the care and custody of the Secretary of State which show that the DePaul Community Health Center, Daughters of Charity is now or ever has been registered as a Foreign or Domestic corporation or under the Ficticious Name Act.

The issue on appeal arises out of the following facts. The original petition alleges, "[t]hat at all times herein mentioned Plaintiff was and is a corporation duly authorized and existing under the law." Respondent originally made a general denial to the entire petition. An amended answer reads, "[t]hat she is unable to either confirm or deny the allegations contained in paragraph 1 of Plaintiff's Petition." Defendant's second amended answer reads, "[t]hat she denies that Plaintiff is a corporation duly authorized and existing under the law." After the second amended answer was filed plaintiff filed a first amended petition realleging plaintiff, DePaul Community Health Center, Daughters of Charity, a corporation operating as DePaul Community Health Center was a corporation. Defendant reanswered with the same specific denial of plaintiff's corporate existence pled in its second amended answer to the original petition.

Plaintiff argues that the express denial of its corporate existence was not a specific negative averment as required by

Rule 55.13 as it fails to include supporting facts. Plaintiff relies on *Want v. Leve,* 574 S.W.2d 700 (Mo.App.1978) for the proposition that the practice of lulling a party into believing that all parties were correctly named should be condemned, and *United Farm Agency v. Howald,* 263 S.W.2d 889, 893 (Mo.App.1954) for the proposition that a defendant is obligated to raise this issue by specific negative averment which shall include such supporting particulars as are particularly within the pleader's knowledge. However in *Leve* defendant did not specifically deny plaintiff's corporate existence and in *Howald* an amendment was granted. Neither case supports plaintiff's view that due to the lack of particulars in the answer its corporate existence was not at issue and no proof of its existence was required. Defendant replies that plaintiff was equally aware of its nonexistence, that defendant had no particular knowledge unknown to plaintiff and Rule 55.13 does not require more than was given in the defendant's answer.

In this case the nonexistence of plaintiff was the basis of defendant's motion for directed verdict. The motion for directed verdict expressly contended that plaintiff is not a corporation and therefore that defendant was entitled to a verdict as a matter of law. Plaintiff conceded before both the trial court and this court that it is not a corporation. We distinguish this case from cases where the name of an existing corporation has been misstated.

On these facts we are confronted with an appeal by plaintiff-appellant, a nonexisting corporation. We are obligated to review the record sua sponte for jurisdiction in the trial court. *Justus v. Webb,* 634 S.W.2d 567, 568 (Mo.App.1982). The motion for directed verdict at the close of all the evidence, supported by the uncontested record of the Secretary of State, justified a dismissal by the trial court because there was no longer a justiciable issue between existing parties. *Garrison v. American Cab Co.,* 259 S.W.2d 96, 97 (Mo.App.1953). The plaintiff before the court had no interest in the claim and a judgment for either side could not constitute relief. *State ex rel. Chilcutt v. Thatch,* 359 Mo. 122, 221 S.W.2d 172, 176 (Mo. banc 1949).

As plaintiff is not an existing corporation it lacks standing and cannot appeal. Appeal dismissed.

PUDLOWSKI, P.J., GAERTNER, J., concur.