HDH DEVELOPMENT AND REALTY CORP. INC., d/b/a Larry Hughes Construction Co., Plaintiff-Appellant,

v.

Helen SMITH, Defendant-Respondent.

No. 50315.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 30, 1986.

---

Edward J. Delworth, St. Louis, for plaintiff-appellant.

Thomas H. Lake, St. Louis, for defendant-respondent.

SNYDER, Chief Judge.

Plaintiff HDH Development and Realty Corporation, Inc., d/b/a Larry Hughes Construction Co., appeals from a judgment for defendant Helen Smith in a case tried to the court without a jury. HDH sued Smith on a contract or alternatively, for the reasonable value of labor done and materials furnished in the repair of a residence which had sustained storm damage. Respondent Smith received checks from her insurance company, but failed to pay HDH. Appellant alleges trial court error in the judgment because it was against the weight of the evidence and erroneously applied the law. The judgment is reversed and the cause remanded.

On March 29, 1979, a house on which respondent held an insurance policy sustained damage in a storm. Respondent received bids for repair of the damage from three contractors and turned the bids over to her insurance company. The insurance company selected the bid which appellant had submitted to respondent on October 22, 1979. This bid listed various storm repairs with a total value of $6,331.43. There was a place on this bid for an acceptance signature, but respondent did not sign it. Appellant performed the work in accordance with the contract.

Respondent and her employee, Father Jansen, were present at the house several times while the work was being performed by appellant but did not halt appellant's performance. Respondent did complain about some specific repairs and the painting technique utilized by appellant. After an inspection by a representative of respondent's insurance company, the president of HDH, and Father Jansen, appellant sent respondent a $315.52 credit on its bid, bringing the net amount on HDH's bid to $6,015.91, the amount which it claimed as damages.

Sunny Baer, a contractor employed by respondent in 1983, approximately four years after appellant had performed its work on the house, testified he had given respondent three checks from the insurance company for the damage to the house, one of which was for $4,815.17. The evidence concerning the insurance company checks was unclear with regard to the names of the payees and who finally re-

ceived the proceeds, but respondent admitted receiving and endorsing at least two checks for $4,815.17 and $1,266.28 from the insurance company. The checks themselves were not introduced in evidence. Baer stated he had observed the previous work done on the house and felt it was adequate, but not what respondent wanted.

In answers to interrogatories, respondent stated she transferred the property which was damaged by the storm to Father Jansen in November of 1979. At trial, however, respondent testified she gave the property to Father Jansen in 1977 or 1978, and that she was not the owner of the property in March of 1979 when the loss occurred. No documentary evidence of ownership was introduced.

The trial court was not requested to enter findings of fact and conclusions of law and did not do so, the judgment reciting only that it was entered in favor of the defendant and against plaintiff. The disputed issues in the case were HDH's corporate standing and the existence of a contract between HDH and respondent or her liability on a quantum meruit basis for the reasonable value of the work done.

This court must sustain the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976).

■ In appellant's first point relied on, it asserts the trial court erred if it found for respondent on the issue of corporate standing because the only evidence showed appellant to be duly incorporated and in good standing.

Rule 55.13 provides in part:

It shall be sufficient to aver the ultimate fact of ... the legal existence of a corporation ... When a person desires to raise an issue as to the legal existence of any party ... he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.

When a party so raises such issue, the burden of proof thereon shall be placed upon the opposite party.

In the present case, appellant alleged in its first amended petition that it was a duly organized and existing Missouri corporation. In her answer, respondent specifically denied that appellant was a corporation duly existing under the laws of the State of Missouri, but alleged no "supporting particulars".

Appellant had the burden to prove its corporate existence under Rule 55.13. In an attempt to meet this burden, appellant's president testified that appellant was incorporated in the State of Missouri. Appellant also introduced a "Certificate of Corporate Good Standing" for the corporation dated March 23, 1983 and a 1974 "Registration of Fictitious Name" for a business owned by HDH, the Larry Hughes Construction Company.

An objection to the oral testimony that appellant's corporate charter had never been forfeited was sustained on best evidence grounds. Respondent, however, offered no affirmative evidence that appellant lacked corporate existence.

A certificate of incorporation issued by the Secretary of State must be taken by all courts of this state as evidence of the corporate existence of that corporation. Section 351.075 RSMo.1978. Although appellant did not introduce a certificate of incorporation, it introduced unobjected to testimony of its corporate existence and a certificate of corporate good standing. Under Rule 73.01(a)(2) this court must consider the trial court's judgment as a finding that appellant lacked status as a corporation to sue. Because there was no evidence of appellant's lack of corporate standing, this court must interfere with the assumed trial court finding and hold appellant met its burden and established its existence and capacity to sue. *Murphy v. Carron*, 536 S.W.2d at 32[1–3]. Appellant's first point has merit.

■ In its second point, appellant alleges the trial court's judgment for respondent

was error because the evidence proved the existence of a contract between appellant and respondent Smith which had been substantially performed.

Respondent requested appellant to submit a bid for storm damage repair. Respondent's insurance company instructed appellant to begin work. Appellant performed in accordance with its bid in the presence of and without objection from respondent. After complaints about the work were received, appellant adjusted the bid price.

Respondent contends there was no express contract because she never accepted appellant's offer by signing its bid, and there was no quasi-contract because she did not own the house when the work was done and therefore could not have been unjustly enriched by the work.

■ Respondent's arguments fail. Although a written document is not signed, when one party accepts the other party's performance, it gives validity to the instrument and imposes on the acceptor the obligations provided by the agreement. *Leonard v. Bennett*, 674 S.W.2d 123, 127[1–3] (Mo.App.1984); *Heath v. Spitzmiller*, 663 S.W.2d 351, 356[10, 11] (Mo.App.1983); *Hahn v. Forest Hills Construction Company*, 334 S.W.2d 383, 385[3–5] (Mo.App. 1960). Respondent cannot stand by and accept appellant's performance and then later escape any obligation. A contract existed between appellant HDH and respondent Smith for storm damage repair because of her acceptance of appellant's performance. Appellant's second point also has merit.

A review of the record discloses no other grounds on which to affirm the judgment. Therefore, the judgment is reversed and remanded because there is no substantial evidence or application of the law that could support a finding for respondent.

The work was performed. Payment was made to respondent by the insurance company. Remaining to be decided are the issues of the quality of the workmanship and the ultimate recipient of the insurance proceeds. These questions go to the issue of damages only. The contract existed and was performed by appellant. Because there was not enough evidence to determine the amount of appellant's damages, this court cannot finally dispose of the case in the interests of judicial economy, as it is authorized to do by Rule 84.14.

The judgment is reversed and the cause remanded for a new trial on the issue of damages only.

CARL R. GAERTNER, P.J., and SMITH, J., concur.