**BERKEL & COMPANY CONTRACTORS, INC.,**
Plaintiff–Appellant,

v.

**JEM DEVELOPMENT CORPORATION,**
Defendant–Respondent.

No. 15195.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 10, 1987.

Rehearing Denied Dec. 1, 1987.

---

Patrick K. McMonigle, Janet I. Blauvelt, Dysart, Taylor, Penner, Lay & Lewandowski, P.C., Kansas City, Malcolm H. Montgomery, Downs, Johnson & Montgomery, Cape Girardeau, for plaintiff-appellant.

Daniel T. Moore, Poplar Bluff, for defendant-respondent.

HOLSTEIN, Judge.

Appellant Berkel & Company Contractors, Inc. (Berkel) filed an action based upon contract and quantum meruit alleging it had performed services under a contract with Respondent JEM Development Corporation (JEM) for which it had not been paid. Following a jury verdict for Berkel, the trial court entered a judgment notwithstanding the verdict in favor of JEM. The basis of the court's judgment was that Berkel had failed to prove its legal existence as a corporation.

On appeal, the claim is made that the trial court erroneously placed the burden of proof on Berkel to prove its corporate existence because JEM had failed to properly raise the issue of capacity to sue in its pleadings as required by Rule 55.13.[1] Berkel also argues that the trial court erroneously failed to admit secondary evidence on the issue of appellant's corporate status. We reverse the judgment of the trial court in part.

In its petition, Berkel alleged that it was a Kansas corporation, authorized to do business in the State of Missouri. In JEM's answer, following a general denial of all allegations contained in the petition, the following was stated:

Defendants further specifically deny paragraph 1 of Plaintiff's First Amended Petition, that Berkel is a Kansas corporation authorized to do business in the State of Missouri.

At trial, Berkel offered to prove through Allen Roach, its vice president, that it was incorporated and authorized to do business in Missouri as follows:

Q. And where is Berkel Company incorporated out of?

A. In the state of Kansas.

MR. MOORE: I'll object to that. The best evidence will be the corporate chart [sic] itself. It calls for hearsay. He's not qualified.

. . . .

THE COURT: Well, I'll, at this point, sustain the objection. I think he can testify, and I think that certainly would be hearsay unless you've got some certificate or something. Do you have that?

MR. MONTGOMERY: I've got a copy of that certificate, yeah.

THE COURT: I suggest you'd want to prove it up.

. . . .

Q. Mr. Roach, I am handing to you what is marked Plaintiff's Exhibit I, and would you identify that for the jury, please?

A. This is the corporate papers for the state of Kansas.

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

Q. And those are articles of the corporation; is that correct?

A. Yes. Yes, sir.

. . . .

Q. Mr. Roach, I'm also handing to you what is marked Plaintiff's Exhibit J; would you identify that?

A. It's our certificate of authority to do work in the state of Missouri.

The record indicates these were copies of original documents. It is silent as to whether they were certified copies. Thereafter, Berkel made no effort to offer Exhibits I and J in evidence.

Rule 55.13, derived from § 509.140, RSMo 1986, provides:

> It shall be sufficient to aver the ultimate fact of the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of a corporation or of an organized association of persons that is made a party. When a person desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge. When a party so raises such issue, the burden of proof thereon shall be placed upon the opposite party.

It has been held that an answer which states that "the defendants were without information" as to corporate existence and asking that strict proof be made thereof, was insufficient to put in issue the corporate existence of the plaintiff or its right to sue. *United Farm Agency v. Howald*, 263 S.W.2d 889, 893 (Mo.App.1954). Likewise, an answer which states that the defendant does not have sufficient information to form a belief as to the corporate existence, and therefore denying plaintiff's allegations, has been held insufficient to put in

issue the legal existence of the corporation. *Hartford Accident and Indemnity Co. v. J & S Sewer Construction Co., Inc.*, 556 S.W.2d 206, 207 (Mo.App.1977). A mere denial of corporate existence is insufficient to raise the issue of corporate existence. *Brandt v. Beebe*, 332 S.W.2d 463, 466 (Mo.App.1959); *United Farm Agency v. Howald, supra*. One may be certain that a general denial of allegations of corporate capacity to sue is insufficient to raise the issue in the case. *Kayser Roth Co. v. Holmes*, 693 S.W.2d 907, 909 (Mo.App. 1985). The cases are unclear as to what is meant by a "mere denial."

In a more recent case involving Rule 55.13, a defendant's answer which read, "(Defendant) denies that plaintiff is a corporation duly authorized and existing under the law," put the plaintiff's corporate existence into issue, without further alleging any supporting particulars. *DePaul Community Health Center v. Trefts*, 688 S.W.2d 379, 380–381 (Mo.App.1985).

Most recently, our courts have determined that an answer containing a specific denial that a plaintiff was a corporation duly existing under the laws of the State of Missouri, but which alleged no supporting particulars, was sufficient to require a plaintiff to prove its corporate existence under Rule 55.13. *HDH Development and Realty Corp., Inc. v. Smith*, 717 S.W.2d 274, 276 (Mo.App.1986).

Rule 9(a), Federal Rules of Civil Procedure[2] uses the same terminology found in our Rule 55.13. Under the federal rule, a direct statement that the pleader denies his opponent's capacity to sue or be sued is sufficient; pleading supporting particulars is only relevant when a party is denying his own capacity to sue or be sued or the capacity of someone with whom he is closely associated. Wright and Miller, Federal Practice and Procedure, Civil § 1294 (1969). Berkel has presented no argument indicating that JEM would be peculiarly knowl-

---

**2.** Rule 9(a), Federal Rules of Civil Procedure provides in part:

... When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the

authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.

edgeable regarding any particulars of Berkel's corporate status.

The thrust of the above authority might lead one to conclude that a "specific negative averment" as used in Rule 55.13 is equivalent to a specific denial. We doubt that to be the law. Our rules now require that when an attorney or party signs a pleading, he certifies that, after "reasonable inquiry," the pleading is well-grounded in fact. Rule 55.03. A proper pleading which raises the issue of corporate capacity should specifically aver why the corporation does not have authority, including matters which would be disclosed by a reasonable examination of public records. If made in good faith, a specific denial of capacity to sue without supporting particulars may be sufficient to raise the issue; but is subject to being stricken by the court pursuant to a motion for more definite statement, if supporting particulars are not added by amendment. Rule 55.27(d). The record here reflects no motion for more definite statement filed by Berkel. In the absence of such motion, the pleading was sufficient to raise the issue and place on Berkel the burden of proving corporate existence.

Berkel admits that the oral testimony of the corporate vice president was "secondary" evidence, but argues the court abused its discretion in failing to consider secondary evidence. Under Kansas law, neither a de facto nor de jure corporation can exist until articles of incorporation are properly filed. Kan.Stat.Ann. § 17–6006 (1981); *State ex rel. McCain v. Construction Enterprises, Inc.,* 6 Kan.App.2d 627, 631 P.2d 1240, 1243 (1981). An elementary principle of the law of evidence requires that the best evidence which is within the power of a party to produce or is capable of being produced, must be produced in support of every disputed fact. *Dockery v. Mannisi,* 636 S.W.2d 372, 375 (Mo.App. 1982). Direct evidence of the proper filing of articles of incorporation would be the "best" evidence of de jure or de facto corporate existence. The best evidence rule does not strictly prohibit secondary evidence; it merely embodies the law's preference for the best evidence capable of production. *Schnucks Twenty–Five, Inc. v. Bettendorf,* 595 S.W.2d 279, 283 (Mo.App. 1979). See also *State v. Powell,* 648 S.W. 2d 573, 575 (Mo.App.1983).

There was other evidence, apparently disregarded or misconceived by the parties and the trial court, which, if taken as true, foreclosed the issue of Berkel's corporate existence. As between the parties, for purposes of litigation, there may be an estoppel to deny corporate existence. 18 C.J.S. *Corporations* § 108. It is a well-settled principle that where one contracts with a body assuming to act as a corporation or by a name distinctly implying corporate existence, both parties in a suit upon contract are usually estopped from denying corporate existence. *Bader Automotive and Industrial Supply Co. v. Green,* 533 S.W.2d 695, 699 (Mo.App.1976), citing *Schneider v. Best Truck Lines, Inc.,* 472 S.W.2d 655, 659 (Mo.App.1971). The evidence that a party entered into a contract with one holding itself out as a corporation and accepted benefits under the contract is, for the purposes of litigation on the contract, a tacit admission by such party that the corporation exists. In this case, there was evidence that JEM entered into and received services under a contract with Berkel, and at all times Berkel held itself out as a corporation. There was no showing that Berkel's corporate status affected its performance under the contract. We view this evidence in a light most favorable to Berkel. *Stark v. American Bakeries Co.,* 647 S.W.2d 119, 121 (Mo. banc 1983). Accepting the evidence as true, JEM was estopped, as a matter of law, from asserting the issue of corporate capacity. The trial court erred in placing the burden on Berkel to prove its de jure or de facto existence as a corporation and in granting a judgment because of Berkel's failure to sustain that burden.

In the trial court's order granting judgment, it ordered that if the entry of judgment notwithstanding the verdict should be vacated or reversed on appeal, that the defendant's motion for new trial would be granted because the trial judge

believed the verdict was against the weight of the evidence due to claimant's failure to prove corporate status. The standard of review applicable to a judgment notwithstanding the verdict and the standard of review of an order granting a new trial are different. When we review a judgment for a defendant notwithstanding the verdict, the evidence is taken in a light most favorable to the plaintiff and he is given the benefit of reasonable inferences to be drawn therefrom. *Stark v. American Bakeries Co., supra.* When a trial court grants a defendant's motion for new trial because the verdict is against the weight of the evidence, an appellate court does not weigh the evidence, but defers to the trial court's discretion. *Niccoli v. Thompson,* 713 S.W.2d 579, 581 (Mo.App.1986); *Follman Properties Co. v. Henty Construction Co.,* 664 S.W.2d 248, 251 (Mo.App. 1983). In addition, Berkel makes no complaint in its brief regarding the order granting a new trial. Where there is no error alleged in an order granting a new trial, a party is deemed to have abandoned any error in such order on appeal. See *Estate of Huskey v. Monroe,* 674 S.W.2d 205, 208 (Mo.App.1984). For these reasons, the order granting a new trial will not be disturbed here.

The judgment notwithstanding the verdict is reversed and the cause is remanded for new trial consistent with the trial court's alternative order for a new trial.

CROW, C.J., and GREENE, P.J., concur.