Sammy J. GILMORE, Plaintiff/Appellant,

v.

BI–STATE DEVELOPMENT AGENCY, Defendant/Respondent.

No. 70305.

Missouri Court of Appeals, Eastern District, Division Five.

Dec. 10, 1996.

William R. Hirsch, Clayton, for Appellant.

Joseph P. Sommers, St. Louis, for Respondent.

CRANDALL, Judge.

Plaintiff, Sammy J. Gilmore, appeals from the judgment of the trial court, entered at the conclusion of plaintiff's case, directing a verdict in favor of defendant, Bi–State Development Agency (Bi–State), in an action for bodily injuries. We reverse and remand.

On November 22, 1993, Gilmore was driving his motor vehicle when he was involved in a collision with a Bi–State bus. On August 26, 1994, Bi–State brought a subrogation action against Gilmore, who was then designated as the defendant, to recover $5,000.00 which Bi–State had paid to the driver of the bus involved in the collision to settle a workers' compensation claim arising from the collision. Bi–State's petition did not plead its corporate existence. Gilmore counterclaimed against Bi–State for personal injuries sustained in the collision. He alleged Bi–State was "a corporation duly existing according to law, and engaged in the business of operating transit vehicles...." In its answer to Gilmore's counterclaim, Bi–State made a general denial of all the allegations contained therein.

After Bi–State's claims against Gilmore were settled, the court ordered the parties to the present action realigned and designated Bi–State as defendant and Gilmore as plaintiff. The case proceeded to trial. After Gilmore presented his case, Bi–State orally moved for directed verdict on the basis that Gilmore had failed to prove its corporate existence. The court directed verdict in favor of Bi–State on that ground.

■ Gilmore's sole point on appeal claims error in the trial court's grant of a directed verdict in favor of Bi–State on the basis of his failure to prove Bi–State's corporate existence. We find the trial court erred in its ruling.

First, Bi–State's general denial was not sufficient to raise the issue of its corporate existence. Rule 55.13 provides:

It shall be sufficient to aver the ultimate fact of the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of a corporation or of an organized association of persons that is made a party. When a person desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, the person shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge. When a party so raises such issue, the burden of proof thereon shall be placed upon the opposite party.

In its answer to Gilmore's counterclaim, Bi–State stated that it "denie[d] each and every allegation contained in Defendant's counterclaim."

■ A claim that a corporation lacks the capacity to sue or be sued must be raised in defendant's responsive pleading. *Petry Roofing Supply, Inc. v. Sutton*, 839 S.W.2d 337, 341 (Mo.App. E.D.1992). A denial in general terms is insufficient to constitute a "specific negative averment" as required by Rule 55.13. *Id.* at 342. A general denial is treated as an admission of the corporate existence and capacity. *Id.* A proper pleading which raises the issue of corporate capacity should specifically aver why the corporation does not have authority, including matters which would be disclosed by a reasonable examination of public records. *Id.* If made in good faith, a specific denial of the capacity to sue or be sued without supporting particulars may be sufficient to raise the issue; but is subject to being stricken by the court pursuant to a motion for more definite statement, if supporting particulars are not added by amendment. *Id.*

In the case before us, Bi–State's answer was a general denial. Thus, Bi–State did not plead the denial of its corporate existence with sufficient particularity in its responsive pleading. Bi–State is therefore treated as having admitted its corporate existence.

Second, it is questionable that Bi–State's answer denying its corporate existence was made in good faith. Rule 55.03 requires that when an attorney or party signs a pleading, he or she certifies that, after "reasonable inquiry," the pleading is well-grounded in fact. Here, Bi–State originally sought the

jurisdiction of the court when it brought its subrogation action against Gilmore. Although it did not specifically plead its corporate existence in the petition filed in the original action, the mere filing of the action represented to the court that it had the capacity to sue. Further, Gilmore did not challenge, and even specifically pleaded, Bi–State's corporate existence in his counterclaim. Bi–State is estopped to deny its corporate existence in response to Gilmore's counterclaim when it invoked the jurisdiction of the court by filing the original action against Gilmore.

The trial court erred in entering a directed verdict in favor of Bi–State at the conclusion of Gilmore's case on the ground that Gilmore had failed to prove Bi–State's corporate existence. Gilmore's point on appeal is granted.

The judgment of the trial court is reversed and the cause is remanded.

AHRENS, C.J., and CHARLES B. BLACKMAR, Senior Judge, concur.