**FOX PLUMBING SUPPLY, INC., Appellant,**

v.

**Steven P. KOOTMAN, Respondent.**

No. 70855.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 21, 1997.

Nelson L. Mitten, R. Thomas Avery, St. Louis, for appellant.

Joseph J. Porzenski, St. Charles, for respondent.

AHRENS, Presiding Judge.

In this court tried case, plaintiff brought breach of contract and unjust enrichment claims against defendant. The trial court granted defendant's motion for judgment after plaintiff's case in chief because plaintiff failed to produce evidence that it was a corporation. Plaintiff appealed, arguing defendant failed to properly deny plaintiff's corporate existence as required by Rule 55.13. We reverse and remand.

Plaintiff, Fox Plumbing Supply, delivered plumbing supplies to defendant, Steven Kootman's, hair salon. Plaintiff submitted a bill to defendant in the amount of $8,500 for the plumbing supplies. However, a dispute arose over the quality of the supplies and defendant tendered a check to plaintiff in the amount of $1,500 as payment in full. Plaintiff then filed breach of contract and unjust enrichment claims against defendant, seeking to recover the remaining balance on the bill.

In its petition, plaintiff alleged that it was an Illinois corporation properly registered to do business in Missouri. Defendant, in his answer, averred that he did not have "sufficient information or knowledge upon which to base a belief and therefore specifically denies the existence or corporate status of plaintiff." Plaintiff did not present evidence of its corporate status in its case in chief.

At the close of plaintiff's evidence, defendant moved for judgment under Rule 73.01(a)(2) on the grounds that plaintiff failed to prove that it was a corporation, and therefore had the capacity to sue. The trial court granted defendant's motion for judgment. Plaintiff filed a motion for a new trial alleging that under Rule 55.13, defendant failed to properly deny plaintiff's corporate existence and therefore admitted it. The trial court denied plaintiff's motion. This appeal followed.

▮ In its first point, plaintiff argues that the trial court erred in granting defendant's motion for judgment. Plaintiff bases its argument on the premise that defendant admitted plaintiff's corporate existence by failing to adequately deny it as required by Rule 55.13. We agree.

▮ Rule 55.13 states:

" It shall be sufficient to aver the ultimate fact of the capacity to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of a corporation or of an organized association of persons that is made a party. When a person desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued in a representative capacity, the person shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge. When a party so raises such issue, the burden of proof thereon shall be placed upon the opposite party."

A defendant that fails to deny plaintiff's corporate existence pursuant to Rule 55.13 will be treated as having admitted it. *Gilmore v. Bi–State Development Agency*, 936 S.W.2d 193, 194 (Mo.App.1996). In the present case, defendant specifically denied plaintiff's corporate existence based on his lack of information and knowledge of the matter but failed to include any supporting particulars. Defendant asserts that this denial is sufficient to raise the issue of plaintiff's corporate existence under Rule 55.13.

▮ Generally, a denial of plaintiff's corporate existence based on insufficient knowledge or information is not sufficient to raise the issue under Rule 55.13. *Hartford Accident & Indemnity Co. v. J & S Sewer Construction Co.*, 556 S.W.2d 206, 207 (Mo.App. 1977); *Petry Roofing Supply, Inc. v. Sutton*, 839 S.W.2d 337, 341–42 (Mo.App.1992). However, a specific denial without supporting particulars is effective under Rule 55.13 if the denial is made in good faith pursuant to Rule 55.03.[1] *Berkel & Co. Contractors, Inc. v. JEM Development Corp.*, 740 S.W.2d 683, 686 (Mo.App.1987). Rule 55.03 requires parties to make a reasonable inquiry into the law and facts contained in a pleading before

1. The denial is subject to being stricken pursuant to a motion for more definite statement, if supporting particulars are not added by amendment. Rule 55.27(d).

filing it with a court. *State ex. rel. Accurate Construction Co. v. Quillen,* 809 S.W.2d 437, 440 (Mo.App.1991). Accordingly, in order for a defendant to specifically deny a plaintiff's corporate existence in good faith, it must make a reasonable inquiry into the matter, including examining information contained in public records, to ensure that its denial is well-grounded in fact. *Berkel,* 740 S.W.2d at 685; *Gilmore,* 936 S.W.2d at 194.

Here, there is no evidence in the record that defendant made an inquiry into plaintiff's corporate status. Also, defendant's answer recites that he specifically denied plaintiff's corporate existence based on his insufficient information and knowledge of the matter. It appears from this record that defendant's specific denial was not based upon a reasonable inquiry into plaintiff's corporate status. Thus, defendant's specific denial of plaintiff's corporate existence based on his lack of information and knowledge of the matter did not adequately deny plaintiff's corporate existence under Rule 55.13. Federal Courts have similarly interpreted Federal Rule 9(a), the federal analogue of our Rule 55.13. *See In re Fantastik, Inc.,* 49 B.R. 510, 512 (Bankr.D.Nev. 1985).

Because defendant's denial of plaintiff's corporate existence was insufficient under Rule 55.13 to raise the issue, we treat defendant as having admitted plaintiff's corporate existence. The trial court erred, therefore, in granting defendant's motion for judgment due to plaintiff's failure to put on evidence of its corporate existence.

Plaintiff's second point contends that the trial court erred in not granting it an opportunity to reopen its case in order to put on evidence of its corporate existence. Because we find that the trial court erred in granting defendant's motion for judgment, this point is moot.

The judgment of the trial court is reversed and the cause remanded for further proceedings.

CRANDALL and KAROHL, JJ., concur.