**LAKE WAUWANOKA,
INC., Respondent,**

v.

**John ANTON, et al., Appellants.**

**No. ED 90864.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 27, 2009.

Kenneth J. Heinz, Clayton, MO, for appellants.

Floyd T. Norrick, Brandon T. Moonier, Hillsboro, MO, for respondent.

KENNETH M. ROMINES, Judge.

### Introduction

Appellant lot owners appeal the judgment of the Circuit Court of Jefferson County, the Honorable Mark T. Stoll, presiding, which ordered them to pay in equity their share of a special assessment passed by Lake Wauwanoka subdivision ("the Subdivision"). Because we agree that the court had authority under Missouri Supreme Court precedent to grant equitable relief, we affirm.

### Factual and Procedural Background

Lake Wauwanoka is a residential subdivision in Jefferson County, Missouri. All lots within the Subdivision are subject to restrictions recorded in the County land records. These restrictions provide that an annual assessment be levied against lot owners within the Subdivision of $0.55 per front foot. In 1967, after a class action suit, the Circuit Court of Jefferson County decreed that the annual assessment would increase to $0.75 per front foot plus an additional $0.25 per front foot with the written consent of a majority of lot owners.

In 1999, the residents voted to pass a special assessment to be used to repair roads and storm drains in the Subdivision. In 2005, the Subdivision again proposed a special assessment to finish these projects. The Subdivision advertised a vote on this issue, and 140 of the 326 lot owners voted. Of those 140, 104 voted to pass the special assessment. Subsequently, all of the lot owners except the nine appellants paid this special assessment. The Subdivision sued the nine refusing lot owners—Appellants here—in equity to recover their shares of the assessment, and the trial court entered judgment requiring Appellants to pay. This appeal follows.

Appellants allege three errors on appeal: (1) that the Subdivision was collaterally estopped from bringing suit against Appellants; (2) that the trial court erred in requiring Appellants to pay because the assessment was not passed by majority vote; and (3) that the court erred in requiring Appellants to pay because no emergency existed requiring the special assessment. The Subdivision filed a motion to dismiss Appellants' brief for failure to comply with Rule 84.04, and to dismiss Appellants' first point as unpreserved. We take up the motion to dismiss below with respect to each issue.[1]

### Standard of Review

We will affirm the judgment of this court-tried case unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously

---

1. We do not dismiss the appeal as a whole for failure of Appellants' brief to comply with Rule 84.04. We prefer to address the merits of an appeal wherever possible. *Bi–State Devel. Agency of Missouri–Illinois Metropolitan Dist. v. Nikodem*, 859 S.W.2d 775, 778 (Mo.App. E.D.1993); however, we will not do so where this forces us to become an advocate for the noncompliant party. *Kramer v. Park–Et Restaurant, Inc.*, 226 S.W.3d 867, 870 (Mo. App. E.D.2007). Here, despite obvious deficiencies, it is not necessary to dismiss the entire appeal at the outset. We will address the merits to the extent possible with each point.

declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

## Discussion

### Collateral Estoppel

█ Appellants' first point is that the trial court was collaterally estopped from entering a judgment in this matter because the 1967 class action decree already disposed of the issues in this case and has not been overturned. However, as a threshold matter, we must consider the Subdivision's motion to dismiss on this point, which argues Appellants failed to preserve this issue for appeal. Because we agree that this issue was not properly preserved, we dismiss this point.

█ The Subdivision argues that because Appellants did not raise collateral estoppel as a defense in the pleadings below, Appellants have waived this argument. Rule 55.08 states, "In pleading to a preceding pleading, a party shall set forth all applicable affirmative defenses...." Failure to plead an affirmative defense results in waiver of that defense. *Detling v. Edelbrock*, 671 S.W.2d 265, 271 (Mo. banc 1984). Rule 55.08 names several affirmative defenses in a non-exhaustive list; collateral estoppel is not among those named. However, contrary to Appellants' assertion, collateral estoppel is an affirmative defense within the purview of Rule 55.08's mandate. *See Green v. City of St. Louis*, 870 S.W.2d 794, 797 (Mo. banc 1994). Appellants did not raise collateral estoppel in the pleadings, thus they are barred from raising this argument on appeal.

█ Appellants urge that—despite the mandatory language of Rule 55.08—they nonetheless are entitled to argue collateral estoppel because the Subdivision waived any objections to this argument at trial. Appellants assert that the Subdivision consented to the court's consideration of the 1967 decree and that the Subdivision offered evidence of this decree at trial, thus opening the door to an affirmative defense of collateral estoppel.

We disagree. The purpose of Rule 55.08 is to give notice to opposing parties of intended defenses so that the opposing party has an opportunity to prepare a response. Appellants fail to persuade us that the mere offering of a prior case concerning special assessments at trial apprised the Subdivision adequately of Appellants' intent to assert collateral estoppel, nor do they provide any legal authority for this position.

Point dismissed.

### Majority Vote of Residents

█ Appellants argue that because only 104 of the 326 lot owners voted in favor of the special assessment, the assessment is invalid because it does not represent approval by the majority of lot owners. Appellants base this argument on the language of the restrictive covenant binding members of the Subdivision, which requires a majority vote to change the annual assessment. They cite for support *Lake Wauwanoka v. Spain*, 622 S.W.2d 309 (Mo.App. E.D.1981), in which this Court held that the trial court could not reform or amend the Subdivision's restrictions to permit annual assessments passed by less than a majority, because reformation is only permissible upon showing of fraud or mistake. *Id.* at 314.

However, this case is not on point. Here the trial court was not asked to amend the restrictions relating to procedure for obtaining *annual* assessments, but rather to enforce in equity a *special* assessment that was approved by a majority of voters present and was paid by an overwhelming majority of all lot owners.

These facts are more analogous to our Supreme Court's decision in *Lake Tishomingo Prop. Owners Ass'n v. Cronin,* 679 S.W.2d 852 (Mo.1984). In that case, as here, a special assessment passed by the majority of present voters, but that group in favor did not constitute a majority of all lot owners. Nevertheless, the court held it equitable and proper that the refusing lot owners pay their shares of the special assessment because it was a cost necessary for preserving the common property. *Id.* at 857. Another important factor was that the vast majority of lot owners voluntarily paid the assessment, thus it was fair and equitable to require the remaining lot owners to contribute. *Id.* Here as well, the trial court found a need for this assessment based on the projects it funded and the fact that everyone but these nine appellants paid it. Following the precedent of *Lake Tishomingo,* we cannot find error in the trial court's judgment holding it equitable that Appellants pay their shares.

Point denied.

### *Existence of Emergency*

■ Appellants' final point is that the trial court erred in requiring Appellants to pay the special assessment because the Subdivision did not show that the assessment was for an emergency project. Appellants cite no legal authority for their argument on this point and do not persuade us that an emergency is required to enforce in equity an assessment that the majority of other lot owners paid. It appears from the wording of their argument that the reason they believe the Subdivision had to prove an emergency is that the proposal denominated this special assessment an "emergency assessment." However, calling it so does not invoke a legal requirement to show an emergency under some legal definition. Appellants have shown us no authority holding otherwise.

In fact, the case on point, *Lake Tishomingo,* discusses the project only as necessary for preserving the common property—it says nothing about a requirement that the project be an emergency. 679 S.W.2d at 857.

Point denied.

### *Conclusion*

Collateral estoppel is an affirmative defense that must be plead under Rule 55.08 in order to be preserved. Appellants did not plead this defense, nor did the Subdivision consent to it by introducing evidence of a prior case concerning the Subdivision on the issue of assessments. Thus we dismiss Appellants' first point.

Our Supreme Court has stated that it is fair and equitable to require a group of landowners in equity to pay their shares of a special assessment which is necessary for the preservation of the common property and has been paid voluntarily by a majority of lot owners, even when the assessment was not passed by a majority of lot owners in the first place. The situation here is factually analogous, thus the trial court did not err in requiring Appellants to pay their shares of the special assessment at issue. Further, the Subdivision was not required to make a showing that the special assessment was being used to pay for an emergency project. Thus we affirm the trial court's judgment.

AFFIRMED.

NANNETTE A. BAKER, C.J., and GLENN A. NORTON, J., concur.