**ALLSTAR CAPITAL, INC.,**
**Respondent,**

v.

**Jonathan WADE, Appellant.**

**No. ED 94415.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 15, 2011.

---

Frank A. Conard, St. Peters, MO, for Appellant.

Stephen L. Beimdiek, Sarah J. Hugg, St. Louis, MO, for Respondent.

ROY L. RICHTER, Judge.

In this court tried case, AllStar Capital, Inc. ("AllStar") brought suit against Jonathon Wade ("Wade") for failure to pay on a promissory note. Finding that Wade had defaulted on his repayment obligations under the note, the trial court entered judgment for AllStar and against Wade. Wade

brings two claims of error on appeal: (1) the trial court erred because AllStar failed to prove its corporate existence, and (2) the trial court erroneously disallowed the application of certain statutes and regulations on Wade's behalf. We affirm.

## I. BACKGROUND

Wade, a professional football player, was signed to his first National Football League contract in June 2007 and received $516,375 as an initial signing bonus. In January 2008, Wade sought and received a loan from AllStar in the amount of $48,500. In exchange, Wade executed a promissory note that provided he would make payments of $1,500 per month for eight consecutive months. At the conclusion of that period, in September 2008, the remainder of the balance was due, together with any accrued interest at the rate of 76 percent per annum. Wade failed to make the monthly payments and subsequently defaulted on the loan. AllStar brought suit to collect.

AllStar's six-count petition alleged: two breach of contract claims; one replevin claim; one unjust enrichment claim; one conversion claim; and one claim for accounts stated. In order to expedite the trial, and with the consent of the parties, a master was appointed to hear the case pursuant to Rule 68.01.[1] The master submitted his final findings of fact and conclusions of law in November 2009, finding for AllStar on the first breach of contract claim. On the remaining counts, the master recommended that judgment be entered for Wade because those claims were either duplicitous or not supported by the evidence.

1. All Rule references are to the Missouri Rules of Civil Procedure (2008), unless otherwise indicated.

In January 2010, the findings and conclusions of the master were adopted in their entirety by the circuit judge. Judgment was entered in favor of AllStar and against Wade in the amount of $121,573.70 for principal and interest and $50,000 for attorney's fees and costs. This appeal follows.

## II. DISCUSSION

As a court tried case, we will sustain the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law.[2] *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We will accept all evidence and inferences in the light most favorable to the prevailing party and disregard all contrary evidence. *Essex Contracting, Inc. v. Jefferson County*, 277 S.W.3d 647, 652 (Mo. banc 2009) (citing *Murphy*, 536 S.W.2d at 32).

### A. AllStar Met Its Burden of Proving Its Corporate Existence.

In his first point, Wade argues the trial court erred in ordering judgment in favor of AllStar because AllStar failed to prove its corporate existence after Wade specifically denied it as required by Rule 55.13. We disagree.

Rule 55.13 states in relevant part:

When a person desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, the person shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge. When a party so raises such issue, the burden of proof thereon shall be placed upon the opposite party.

■ If a defendant wishes to deny a corporation's capacity to sue or be sued, that denial must be raised in the defendant's responsive pleading in accordance with Rule 55.13. *Gilmore v. Bi–State Dev.*, 936 S.W.2d 193, 194 (Mo.App. E.D. 1996). Should a defendant's responsive pleading fail to assert this required specific negative averment, it will be considered an admission of the plaintiff's corporate status. *Id.*

### 1. Wade's Specific Negative Averment Shifted the Burden to AllStar.

■ In the present case, AllStar asserted in the first paragraph of its petition that it is "a corporation organized and existing under the laws of the State of Nevada, with its principal place of business in Las Vegas, Nevada." In response, Wade averred in his answer, "Defendant denies the allegations set forth in paragraph one (1) of Plaintiff's petition." Further, Wade's first affirmative defense averred, "The court lacks jurisdiction to hear and enter orders regarding this matter because the Plaintiff is not in good standing with the State of Nevada and is therefore restricted from bringing suit or participating in litigation."

---

**2.** At the outset, we note that Wade fails in two ways to comply with our briefing rules. First, Rule 84.04(e) requires that the argument portion of an appellate brief "include a concise statement of the applicable standard of review for each claim of error." Although Wade's points relied on claim the trial court "abused its discretion," that alone is insufficient under Rule 84.04(e) and fails to set forth the correct standard. *See Schaefer v. Altman*, 250 S.W.3d 381, 384 (Mo.App. E.D.2008). Moreover, under Rule 84.04(i), all statements of fact and argument must include specific page references to the legal file or transcript. Wade's statement of facts omits such page references. Our decision to reach the merits of this case should not be construed as sanctioning such inadequate briefing.

■ As a threshold matter, Wade's cursory denial of AllStar's paragraph one is inadequate under Rule 55.13. It is well established that a general denial of allegations of corporate capacity or existence fails to satisfy the requirements of Rule 55.13. *See id.* (holding that a denial of "each and every allegation" is insufficient under Rule 55.13); *Student Loan Mkt. Ass'n v. Holloway,* 25 S.W.3d 699, 704–05 (Mo.App. W.D.2000) (finding insufficient a defendant's general denial accompanied by a demand of "strict proof" of the plaintiff's corporate existence). Likewise, a defendant's denial of a plaintiff's corporate existence that is based on a lack of "sufficient knowledge, information, or belief" is inadequate to raise the issue of a plaintiff's corporate existence or its right to sue. *Petry Roofing Supply, Inc. v. Sutton,* 839 S.W.2d 337, 341–42 (Mo.App. E.D.1992); *Fox Plumbing Supply, Inc. v. Kootman,* 955 S.W.2d 220, 221–22 (Mo.App. E.D. 1997). Wade's denial of the "allegations set forth in paragraph one (1) of Plaintiff's petition" is a general denial and thus fails to meet the requirements of Rule 55.13.

■ Despite the insufficiency of Wade's initial general denial, we nonetheless find that the specific negative averment made in his first affirmative defense was adequate to raise the issue of AllStar's corporate capacity. Wade's affirmative defense was not merely a general denial. He plainly stated that AllStar was "restricted from bringing suit or participating in litigation" because AllStar was "not in good standing with the State of Nevada." This averment is in line with those denials that have consistently been found sufficient under Rule 55.13. In *DePaul Community Health Center v. Trefts,* this Court found sufficient a defendant's answer, which read, "[Defendant] denies that plaintiff is a corporation duly authorized and existing under the law." 688 S.W.2d 379, 380–81 (Mo.App. E.D.1985); *see also HDH Dev. & Realty Corp., Inc. v. Smith,* 717 S.W.2d 274, 276 (Mo.App. E.D.1986) (finding satisfactory an averment that specifically denied the plaintiff was a corporation duly organized and existing under the laws of Missouri). More recently, this Court found it sufficient to raise the issue of corporate capacity when a defendant averred as an affirmative defense that "the plaintiffs do not have legal capacity to sue." *ADP Dealer Svcs. Group v. Carroll Motor Co.,* 195 S.W.3d 1, 9 (Mo.App. E.D. 2005). Thus, the thrust of the above authority leads us to conclude that Wade made a specific negative averment as required under Rule 55.13.

Now that we have determined that Wade made a satisfactorily specific negative averment, the next issue to be addressed is whether his averment fails for a lack of supporting particulars. Rule 55.13 provides that supporting particulars are required "as are peculiarly within the pleader's knowledge." This does not mean, however, that supporting particulars are required in every responsive pleading that challenges corporate capacity.

■ Rule 55.13 is similar to Rule 9(a) of the Federal Rules of Civil Procedure, in that it governs denials of capacity and largely utilizes the same terminology as Rule 55.13.[3] Under the federal rules, "a party ... must state any supporting facts that are peculiarly within the party's knowledge." *Fed.R.Civ.P.* 9(a)(1), (2). That language has been interpreted to mean that the pleading of supporting particulars is relevant only "when a party is

---

**3.** The federal rule provides that to raise the issue of capacity to sue or be sued, "a party must do so by a specific denial, which must state any supporting facts that are peculiarly within the party's knowledge." *Fed.R.Civ.P.* 9(a)(1), (2) (2008).

denying his or her own capacity to sue or be sued or the capacity of someone with whom he or she is closely associated." 5A Charles Alan Wright, et al., *Federal Practice and Procedure* § 1294 (3d ed.1998); *see also Berkel & Co. Contractors v. JEM Dev. Corp.*, 740 S.W.2d 683, 685 (Mo.App. S.D.1987) (comparing the language of Rule 55.13 to the federal rules). Put another way, absent special knowledge on the part of the pleader, supporting particulars are not required to raise the issue of a plaintiff's corporate capacity.

■■ In line with that interpretation, this Court has held that a specific denial lacking supporting particulars is effective under Rule 55.13 so long as the denial is made in good faith pursuant to Rule 55.03. *Fox Plumbing*, 955 S.W.2d at 221. Rule 55.03(c) states that for every argument in a pleading filed with the court, the filing party is certifying that a reasonable inquiry has been made into the law and facts contained therein. Although this is not an onerous standard, any matters regarding corporate capacity, which would be disclosed by a reasonable examination of public records, should be included in the specific negative averment. *Gilmore*, 936 S.W.2d at 194; *Fox Plumbing*, 955 S.W.2d at 222. Moreover, as with all pleadings, a defendant's specific negative averment is subject to be stricken by the trial court pursuant to a motion for more definite statement. *Gilmore*, 936 S.W.2d at 194; Rule 55.27(d) ("A party may move for a more definite statement of any matter contained in a pleading that is not averred with sufficient definiteness or particularity . . . .").

Here, AllStar could have moved for a definite statement and requested the denial be stricken unless supporting particulars were added. *See Gilmore*, 936 S.W.2d at 194–95. No such motion was made. Accordingly, the pleading was sufficient to raise the issue and place on AllStar the burden of proving its corporate capacity.

**2. The Trial Court Did Not Err in Finding AllStar Proved Its Corporate Status.**

■ In an attempt to meet its burden of proving its corporate existence and standing, AllStar introduced both oral testimony and documentation. Mr. Daniel Gordon, the president of AllStar, testified that AllStar was formed and incorporated in Nevada in 2008.

Q: And, Mr. Gordon, do you hold a position with AllStar Capital?

A: I am the president of AllStar Capital.

Q: How long have you held that position?

A: Since the company's formation in 2008.

. . . .

Q: Under what state's laws is AllStar Capital, incorporated?

A: State of Nevada.

. . . .

Q: Is AllStar Capital currently in good standing in the State of Nevada?

A: To my knowledge it is, yes.

[COUNSEL FOR WADE]: Judge, I object. Calls for hearsay?

. . . .

THE COURT: The objection is overruled.

Q: Do you have any reason to believe AllStar Capital is not in good standing in the State of Nevada?

A: No, I don't.

In order to bolster that oral testimony, AllStar presented Mr. Gordon a printout from the Nevada Secretary of State's office. That document was admitted into evidence without objection.

Q: Mr. Gordon, I'll show you what I have had marked as Plaintiff's Exhibit 13 which I will represent to you is a printout from the Secretary of State's site for the State of Nevada and simply ask you this. In looking at that document does it at all refresh your recollection as to the date on which AllStar Capital, Inc. would have been formed?

A: Yes. January 14, 2008.

Q: Which was prior to the date that the promissory note or any other documents concerning the loan to Mr. Wade took place?

A: Correct.

. . .

[COUNSEL FOR ALLSTAR]: Thank you, Your Honor. Your Honor, at this time I offer Plaintiff's Exhibit 13 into evidence, Secretary of State printout I just showed you.

[COUNSEL FOR WADE]: I have no objection.

THE COURT: Exhibit received.

[COUNSEL FOR ALLSTAR]: I have no further questions at this time, Your Honor.

THE COURT: Exhibit 13 will be admitted.

At no time did Wade offer any evidence that AllStar lacked corporate existence. Instead, Wade's primary contention centered on AllStar's alleged failure to comply with various Nevada licensing requirements for companies in the business of making certain types of loans. Under our standard of review, we view the evidence in a light most favorable to AllStar. *Essex Contracting*, 277 S.W.3d at 652. By introducing testimony of its corporate existence and documentation from the Nevada Secretary of State's Office, AllStar adduced sufficient evidence from which the trial

court could conclude that AllStar was a duly organized corporation under the laws of Nevada. *See HDH Dev. & Realty Corp.*, 717 S.W.2d at 276 (corporate capacity adequately proven by testimony of corporate existence and certificate of corporate good standing); *see also DePaul Cmty. Health Ctr.*, 688 S.W.2d at 381 (finding a lack of corporate capacity was demonstrated by uncontested records of Secretary of State). Point denied.

**B. Wade Failed to Preserve Those Defenses Not Properly Pled as Affirmative Defenses**

██ In Wade's second point on appeal, he avers the trial court erred in denying his request to submit various Nevada statutes and federal regulations as evidence of AllStar's wrongdoing. We disagree.

The trial court found that under the terms of the promissory note at issue, the court would apply the substantive laws of Nevada and the procedural rules and laws of Missouri. By applying the procedural rules of Missouri, the pleadings of the parties were governed by Rule 55.08, which states in pertinent part:

> In pleading to a preceding pleading, a party shall set forth all applicable affirmative defenses and avoidances, including but not limited to ... illegality ... and any other matter constituting an avoidance or affirmative defense. A pleading that sets forth an affirmative defense or avoidance shall contain a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance.

Moreover, Rule 55.27(a) provides that "[e]very defense ... to a claim in any pleading ... shall be asserted in the responsive pleading thereto if one is required...."[4] Here, Wade never included

4. Rule 55.27(a) further provides that certain enumerated defenses may instead be made by

the statutes and regulations in dispute nor their alleged violation as an affirmative defense in any of his pleadings.

 Illegality due to statutory violations is an affirmative defense, which must be pled as an affirmative defense in order to be preserved. Rule 55.08. "Failure to plead an affirmative defense results in waiver of that defense." *Lake Wauwanoka, Inc. v. Anton,* 277 S.W.3d 298, 300 (Mo.App. E.D.2009). Wade did not plead this defense; thus he is barred from raising this argument on appeal. Point denied.

### III. CONCLUSION

The judgment is affirmed.

CLIFFORD H. AHRENS, P.J., and GARY M. GAERTNER, JR., J., concur.

motion. Illegality is not among those defenses listed.