**A.G. ADJUSTMENTS, LTD., Appellant,**

v.

**Kimberly JORGES, et ux, Respondents.**

**No. WD 74153.**

Missouri Court of Appeals,
Western District.

June 5, 2012.

---

James E. Klenc, for Appellant.

Jennifer M. Snider, for Respondents.

Before Division Two: VICTOR C. HOWARD, Presiding Judge, MARK D. PFEIFFER, Judge and KAREN KING MITCHELL, Judge.

VICTOR C. HOWARD, Judge.

A.G. Adjustments, Ltd. ("A.G.") appeals the trial court's judgment in favor of Kimberly and Jeff Jorges on A.G.'s claim for breach of a guaranty agreement. On appeal, A.G. claims that the trial court erred in entering judgment against A.G. on the basis that A.G. failed to prove its corporate existence because Kimberly and Jeff Jorges failed to sufficiently raise the issue of A.G.'s corporate existence in their pleadings. The judgment of the trial court is reversed and remanded.

**Factual and Procedural Background**

On August 11, 2006, Bank of the West and Pastry Goddess, Inc. executed loan documents in the amount of $60,000. In connection with the loan to Pastry Goddess, Kimberly and Jeff Jorges ("the guarantors") individually signed a personal guaranty whereby they personally guaranteed the payment of the debt owed to Bank of the West by Pastry Goddess.

When Pastry Goddess defaulted on the loan, a letter giving notice of default and an opportunity to cure was sent to the guarantors on December 24, 2008. On December 23, 2009, Bank of the West assigned its claim against the guarantors to A.G. On April 8, 2010, A.G. filed a petition against the guarantors. A.G. alleged in the first paragraph of its petition that it "is and was at all times hereinafter mentioned a corporation duly organized and existing under and by virtue of law." A.G. alleged that a principal sum of $45,923.04 remained on the loan. A.G. had made a demand for payment, but the guarantors failed to make any payments. Therefore, A.G. sought a judgment against the guarantors for the principal sum, along with interest, attorney's fees, and court costs.

In their first amended answer to A.G.'s petition, the guarantors responded to the first paragraph of A.G.'s petition by stating that they "are without sufficient knowledge to admit the allegations contained in paragraph 1 of Plaintiff's Petition, and therefore, deny the same." The guarantors admitted that A.G. had made a demand for payment but denied that any amount was due to A.G. The guarantors admitted that they had not made any payments to A.G.

A trial was held on the matter on March 11, 2011. A.G. produced evidence of the loan documents, the amount due on the loan, the demand letter, the applicable interest rate, and attorney's fees. A.G. attempted to introduce evidence of its corporate status, but the guarantors objected, and the court did not admit the evidence. The guarantors did not present any evidence.

The court issued its judgment on April 4, 2011. The court found that A.G. failed to present evidence to prove that it was a

corporation duly organized and existing under and by virtue of law. Because A.G. failed to prove its corporate status, the court entered a judgment in favor of the guarantors. A.G. filed a motion to reconsider or in the alternative, a motion for a new trial. The trial court denied A.G.'s motion. This appeal by A.G. followed.

## Standard of Review

 In reviewing the judgment of the trial court, the appellate court will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "All evidence favorable to the judgment and all inferences to be drawn from the evidence are accepted as true, and all contradictory evidence is disregarded." *Underwood v. Hash*, 67 S.W.3d 770, 774 (Mo.App. S.D.2002).

## Discussion

In its sole point on appeal, A.G. contends that the trial court erred in entering judgment in favor of the guarantors on the basis that A.G. failed to prove its corporate existence. A.G. claims that the guarantors failed to sufficiently raise the issue of corporate existence in their pleadings, and therefore, A.G.'s corporate existence and capacity to sue should have been deemed admitted.

██ A.G. argues that the general denial in the guarantors' first amended answer was insufficient to raise an issue regarding A.G.'s corporate existence. According to Rule 55.13:

It shall be sufficient to aver the ultimate fact of the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of a corporation or of an organized association of persons that is made a party. When a person desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, the person shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge. When a party so raises such issue, the burden of proof thereon shall be placed upon the opposite party.

Therefore, a defendant must raise its denial of a corporation's legal existence or capacity to sue in the defendant's responsive pleading in accordance with Rule 55.13. *AllStar Capital, Inc. v. Wade*, 352 S.W.3d 633, 636 (Mo.App. E.D.2011). If a defendant's responsive pleading fails to assert the specific negative averment required by Rule 55.13, it will be considered an admission of the plaintiff's corporate status. *Id.*

 "It is well established that a general denial of allegations of corporate capacity or existence fails to satisfy the requirements of Rule 55.13." *Id.* at 637. Furthermore, "a defendant's denial of a plaintiff's corporate existence that is based on a lack of 'sufficient knowledge, information, or belief' is inadequate to raise the issue of a plaintiff's corporate existence or its right to sue." *Id.* Instead, a proper pleading that raises the issue of corporate capacity should specifically aver why the corporation does not have authority, including matters that would be disclosed by a reasonable examination of public records. *Student Loan Marketing Ass'n v. Holloway*, 25 S.W.3d 699, 704–05 (Mo.App. W.D. 2000). "If made in good faith, a specific denial of the capacity to sue or be sued without supporting particulars may be sufficient to raise the issue; but is subject to being stricken by the court pursuant to a motion for more definite statement, if supporting particulars are not added by

amendment." *Id.* at 705 (internal quotes and citation omitted). Several Missouri cases have articulated what type of language is sufficient to raise the issue of corporate capacity in accordance with Rule 55.13. *See, e.g., Berkel & Co. Contractors, Inc. v. JEM Dev. Corp.,* 740 S.W.2d 683, 686 (Mo.App. S.D.1987) (finding that an averment specifically denying that plaintiff was a Kansas corporation was sufficient to raise the issue); *see also DePaul Cmty. Health Ctr. v. Trefts,* 688 S.W.2d 379, 380–81 (Mo.App. E.D.1985) (finding defendant's answer sufficient to raise an issue regarding corporate existence where defendant denied that plaintiff was a corporation duly authorized and existing under the law).

 The guarantors focus their argument on the language of Rule 55.13 which requires that the defendant's specific negative averment "shall include such supporting particulars as are peculiarly within the pleader's knowledge." As noted by the guarantors, a specific denial lacking supporting particulars is effective under Rule 55.13 so long as the denial is made in good faith. *AllStar Capital, Inc.,* 352 S.W.3d at 638; *Holloway,* 25 S.W.3d at 705. The guarantors point out that A.G. failed to state in its petition the state in which it was incorporated, leaving the guarantors with no special knowledge regarding its corporate existence. Therefore, the guarantors claim that no supporting particulars were required, and the denial in their pleading was sufficient to raise an issue regarding A.G.'s corporate existence.

The Eastern District's opinion in *AllStar Capital* provides an instructive application of Rule 55.13. In that case, AllStar Capital asserted in the first paragraph of its petition that it was a corporation organized and existing under the laws of Nevada. *AllStar Capital, Inc.,* 352 S.W.3d at 636. In response, the defendant averred in his answer that he denied the allegations set forth in the first paragraph of AllStar Capital's petition. *Id.* The court found as a threshold matter that the defendant's cursory denial of AllStar Capital's first paragraph was inadequate in that general denials are insufficient to meet the requirements of Rule 55.13. *Id.* at 637. However, the court found that the defendant's affirmative defense alleged a specific negative averment as required by Rule 55.13 where he stated that AllStar Capital was restricted from bringing suit or participating in litigation because it was not in good standing with the state of Nevada. *Id.*

The court then stated that, having made a determination that the defendant made a satisfactorily specific negative averment, it would address the issue of whether his averment failed for a lack of supporting particulars. *Id.* The court found that the defendant's pleading was sufficient to raise the issue of corporate capacity despite a lack of supporting particulars where AllStar Capital failed to move for a more definite statement or request that the denial be stricken unless supporting particulars were added. *Id.* at 638.

 Thus, the court's opinion in *AllStar Capital* demonstrates that even where supporting particulars are not required, Rule 55.13 still requires that the defendant's pleading contain a specific negative averment in order to raise the issue of corporate capacity. The problem with the guarantors' pleading in this case is not a lack of supporting particulars; rather, it is the lack of specific negative averment. Unlike the parties in the aforementioned cases, the guarantors did not specifically deny that A.G. was a corporation duly organized and existing under the law. *See Berkel & Co. Contractors, Inc.,* 740 S.W.2d at 686; *DePaul Cmty. Health Ctr.,* 688 S.W.2d at 380–81. Instead, the guarantors merely stated that they were without sufficient knowledge to admit A.G.'s allegations and, therefore, denied them.

■ Missouri law is clear that a defendant's denial of a plaintiff's corporate existence that is based on a lack of sufficient knowledge is inadequate to raise the issue of a plaintiff's corporate existence. *AllStar Capital, Inc.*, 352 S.W.3d at 637. We do not reach the guarantors' argument regarding supporting particulars where the guarantors have not met the first requirement of Rule 55.13 by pleading a specific negative averment.

Where the guarantors' pleading did not contain a specific negative averment, they have failed to raise an issue regarding the legal existence of A.G. Therefore, A.G.'s corporate status is deemed admitted, and A.G. had no duty to provide evidence of its corporate existence at trial. The trial court erred in entering judgment in favor of the guarantors on the basis that A.G. had failed to prove its corporate existence.

The judgment of the trial court is reversed, and the case is remanded for further proceedings.

All concur.